## MICHAEL LEIDLEIN v. GEORGE L. MEYER.

*Waters and water-courses—Dominant and servient estates—Surface water—Prescription—Pleading—Evidence—View of premises by jury.*

1. The natural flowage of water from the upper estate is a natural servitude which the owner of the lower estate must bear; citing *Boyd v. Conklin*, 54 Mich. 583.

2. Where the owner of the lower estate permits, for more than 20 years, the natural flowage of water from the upper estate to pass onto his land through a ditch constructed for that purpose with his acquiescence, the owner of the upper estate acquires a right by prescription to have the water from his land pass through the ditch; citing *Gregory v. Bush*, 64 Mich. 37.

3. Under a declaration alleging a natural flowage of water from plaintiff's lands over those of the defendant, and that plaintiff has a lawful easement and right of way for that purpose, and setting forth the facts upon which the right is claimed, and framed upon the theory that there was an original channel, which had been widened and deepened, and used for more than 30 years prior to the obstruction of such flowage by the defendant, a recovery can be had upon proof showing a natural, well-defined water-course, or an artificial one to which the plaintiff had obtained a right by user, or a natural flow of water over the land without a channel, natural or artificial.

4. Photographic views of a culvert and the land in its vicinity,

taken over a year after the alleged unlawful obstruction of the flowage of water therein, and offered in evidence upon the trial of a suit for such obstruction, without proof of their accuracy, are properly rejected.

5. A defendant, in a suit for his alleged unlawful obstruction of the flowage of water from plaintiff's land onto defendant's, cannot assign error upon the refusal of the court to order the jury to view the premises, the making of such an order being discretionary with the court.

Error to Saginaw. (Gage, J.)   Argued April 11, 1893. Decided June 1, 1893.

Case. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Holden & Bradt* and *G. W. Davis,* for appellant.

*James H. Davitt* and *Frank E. Emerick,* for plaintiff.

GRANT, J. Plaintiff and defendant are the owners of adjoining farms, which they purchased in 1853. They are separated by a highway running east and west, known as the "Vassar Plank Road," plaintiff's lands being south, and defendant's north, of this highway. The land over which the controversy arises is low and flat, but the plaintiff's land is a little higher than that of the defendant. This highway was constructed at a very early day, and at this point was what was known as a "log road," composed of logs placed close together. Plaintiff charges the defendant with having constructed a dam along the side of the highway, causing the water to back up on his land, and injure his crops. He avers in his declaration that, for more than 30 years, waters accumulating upon his lands, from storms and other natural causes, were carried away and drained therefrom across said highway, and upon and over the defendant's land; that plaintiff has a lawful easement and right away across said highway, and upon and over the defendant's land, for the purpose of draining

waters so accumulating; that for upwards of 35 years a
sluice or culvert has been maintained across said highway,
connecting with an open channel which runs through and
across defendant's lands; that said channel was originally
a natural one, and for more than 21 years past has been
kept open by the efforts of the plaintiff and defendant and
certain of their neighbors, and with the consent, knowledge,
and acquiescence of the defendant; that the drainage so
furnished had always been sufficient for the purpose; that
there was no other outlet for the drainage of such waters;
and that on May 1, 1890, defendant unlawfully obstructed
such right of way and easement, thereby intercepting the
flow of water, and injuring the plaintiff's crops.

Defendant pleaded the general issue, and gave notice of
a special defense that he was a married man, and that
the land described in the declaration as occupied by him
constituted a homestead.

Plaintiff gave evidence tending to show that the old log
road was constructed at a very early date; that a culvert
was made across it; that in 1866 a plank road was con-
structed instead of the log road; that the culvert was recon-
structed in the same place as in the old road, and has
so continued till the present time; that some rods to the
east and west of the culvert the land rises; that the natural
flow of the water is, and always has been, from the plaint-
iff's lands northerly, across the defendant's lands, into
what is known as " Blumfield Creek;" that the culvert is
at the lowest point; that, about the year 1870, plaintiff,
defendant, and their neighbors cleaned out this "water-
course," as- they called it, across the defendant's land,
making it a ditch about four feet wide and two deep; that
they have cleaned it out on various occasions since, usually
in the spring; that defendant filled up the ditch, and
made an embankment about one.foot above the level of the

ground, and extending from three to four rods on each side of the ditch.

Defendant denies that there was any natural water-course, but it appears from his own testimony that the water from rains and melting snows has, in its natural state, always flowed from plaintiff's land onto his own; that the ditch, which he claims is artificial, was dug before the culvert was put in the plank road; that he himself constructed it; that the ditch was connected with it; that the ditch was dug by his consent and assistance 20 years before this suit was brought, and before he obstructed it, in May, 1890. He admits the obstruction, and did not make it to prevent any damage to his land, but because plaintiff would not clean out the ditch where he (defendant) wanted him to. There is no evidence that plaintiff turned upon the defendant's land any more than the natural flow of water.

At the conclusion of the evidence the learned circuit judge left but three questions to the jury, viz.:

(1) The character of the dam; (2) the effect it had to raise the water upon the plaintiff's land; and (3) the amount of damages.

Plaintiff recovered verdict and judgment for $287.25.

1. From the view we take of the case, it will be unnecessary to review in detail the 86 assignments of error. If the plaintiff has stated a case in his declaration, the instruction of the circuit judge is correct. We need not refer to the decisions of other courts, where there is great conflict of authority as to the rights of the flowage of water from the upper estate over the lower. It is the settled law of this State that the natural flowage of water from the upper estate is a natural servitude which the owner of the lower estate must bear. *Boyd v. Conklin,* 54 Mich. 583. In that case Mr. Justice CAMPBELL ably and exhaustively discussed both the principle and the authorities, and arrived at the conclusion that—

"The adjoining owners owe mutual duties,—the one to receive the natural flow, and the other not to injuriously change its conditions."

The facts in that case are similar to those in the present case. We are in entire accord with the rule there laid down, which seems to us to be founded in good sense and reason. It is not necessary that this flowage be in a natural water-course with well-defined banks. If this were so, the plaintiff's case would be somewhat doubtful. It is sufficient if the water, in its natural flowage, spreads over the land of the lower estate. Otherwise, the owner of the lower estate might construct a dam which would entirely ruin the upper estate. There is nothing to indicate that the plaintiff has increased the natural flowage of water, or has in any manner changed its condition to the detriment of the defendant.

2. As already intimated, we think the proofs hardly sustain the allegation of a natural, well-defined water-course. If there were such a water-course, then the plaintiff's right to its use, under all the authorities, would be undoubted. This ditch, or artificial water-course, was made more than 20 years before the alleged trespass was committed, by the acquiescence of the defendant, by a common agreement between him and others interested, and at the common expense of them all. The construction of a highway rendered the culvert necessary to carry the water from the plaintiff's land. The ditch was connected with the culvert for that purpose. At various times plaintiff and others assisted in cleaning it out for the common benefit of all, including the defendant. Without objection defendant permitted this water so to flow for over 20 years. Under these circumstances we think the plaintiff acquired a right by prescription to have the water from his land flow through the ditch. *Gregory v. Bush*, 64 Mich. 37. That, also, was a case of the flowage and disposition of surface water.

A ·sluice or culvert. had been maintained. for upwards of 25 years, through which the water had flowed onto Gregory's land through a ravine.     It was there held that there was no natural water-course, but that the defendant had a right by prescription.    We think that case rules this.

3. At the commencement of the trial, defendant objected to the introduction of any evidence on the ground that no cause of action is stated in the declaration.    The objection was not well founded.    The declaration alleges (1) a natural flow from plaintiff's land over that of the defendant; (2) that plaintiff had a lawful easement and right of way for that purpose; and (3) quite minutely sets forth facts upon which the right is claimed.    The declaration was framed upon the theory that there was an original channel, which had been widened, deepened, and used for more than 30 years.    Under it a recovery could be had, whether the proofs showed a natural water-course, well-defined, or whether it was an artificial one, to which the plaintiff had obtained a right by user, or whether there was a natural flow over the land without a channel, natural or artificial.    It was entirely proper to set forth all these claims in the declaration.    If the defendant had desired more specific allegations, he should have demurred.

4. There was no variance between the declaration and the proofs.    It requires no argument to show that the latter sustain the former.

5. Defendant offered in evidence three photographic views of the culvert and vicinity, but they were rejected. The ruling was correct.    These views are not made a part of the bill of exceptions, and therefore need not be considered.     They were produced by the defendant's counsel upon the hearing; and an examination convinces us that they would have been of no assistance to the jury.    Moreover, they were taken over a year after the cause of action

arose, and there was no proof of their accuracy. The ruling of the court rejecting them was therefore correct.

6. At the close of the proofs the defendant requested that the jury take a view of the premises. Such view was not a matter of right, but was in the discretion of the court. It was not, therefore, error to refuse it.

We deem it unnecessary to refer to the other assignments of error. A careful examination convinces us that there is no error in the record.

Judgment affirmed.

The other Justices concurred.