HAUSER *v.* BURBANK.

1. DRAINS—VOID APPLICATION—RELAYING—STATUTES.

After considerable work had been done under a drain contract, the application on which the proceedings were based was declared void by the court. Thereupon a petition was filed asking that the drain be relaid and completed. The usual proceedings followed, the validity of which was questioned on the ground that, the original application for the drain being void, the proceedings to relay such drain were jurisdictionally defective. *Held,* that the proceedings were within 3 How. Stat. § 1740*g*3 (providing that whenever any drain has been located, established, and the work of construction completed or partially completed, and any court has declared such proceeding to be illegal or void "for any cause other than that such drain is unnecessary, and not conducive to the public health, convenience, or welfare,"·the commissioner shall proceed to relay and complete such drain under the provisions of this act, etc.); and that the statute in question is not open to the objection that it seeks to dispense with jurisdictional essentials.

2. SAME—DESCRIPTION—SUFFICIENCY.

A description in an application for a drain, which, after defining clearly the place of beginning in a given section of a specified town and county, recites that it shall run "in a westerly and northwesterly direction through said section; thence, crossing the southwest corner of" a stated section in a different township, into another section of said township, "at a point about 12 rods north of the southeast corner" of the last-named section; "thence, running in a northerly direction, following the general course of H. creek, to a point where said creek crosses the north line of" the last-named township,—is sufficiently accurate to give the commissioner jurisdiction.

3. SAME—WATERCOURSES.

A drain commissioner is authorized, under an application to lay out a drain along the general course of a creek, to include portions of the creek, and deepen, widen, or straighten the same, in view of 3 How. Stat. § 1740*h*4, as amended in 1893 (Act No. 203), providing that where a natural watercourse shall need cleaning out, deepening, or widening, and no pro-

ceedings have been had previously to establish such water-course, it shall be immaterial whether the first proceedings shall be to clean out, lay out, deepen, or widen, but the commissioner shall take such steps as may be necessary to obtain a right of way, and go on with his proceedings in the manner provided by law.

Error to Berrien; Coolidge, J. Submitted April 5, 1898. Decided July 12, 1898.

*Certiorari* by Michael B. Hauser to review the action of John E. Burbank, drain commissioner of Berrien county, in laying out and establishing a drain. From a judgment setting aside the proceedings, defendant brings error. Reversed.

*James O'Hara* and *Gore & Harvey*, for appellant.

*George W. Bridgman* and *Edward Bacon*, for appellee.

MONTGOMERY, J. *Certiorari* was issued from the circuit court to review proceedings laying out and establishing a drain. The circuit judge set aside the action of the drain commissioner, and this ruling is before us for review. A large number of objections were set out in the affidavit for *certiorari*, very few of which call for any discussion whatever. The meritorious questions raised may be considered under two or three heads. A brief history of the proceeding is essential to an understanding of the points involved. An application for a drain along substantially the same route followed by that involved in this proceeding was made in December, 1894, and proceedings were had to establish and lay out such a drain. The drain commissioner proceeded so far as to let contracts, under which about one mile was constructed. The question of the regularity of these proceedings was afterwards raised, and a suit instituted in the circuit court of Berrien county, in chancery. The court, on a hearing, adjudged all the proceedings subsequent to

the first order of determination null and void.   The commissioner then proceeded anew to make application to the probate court for the appointment of commissioners to determine the necessity of taking certain lands for the purpose of the drain.   This was opposed on the ground that the original application was a nullity, and failed to give the commissioner jurisdiction.   The probate judge so held.   The petition under which the proceedings now under review were held was then filed on March 24, 1897. The usual proceedings followed.   The necessity for a drain was determined by a jury, the damages to the owners of the land appraised, the report of the jury confirmed by an order of the probate court, and the final order of determination was made by the commissioner. The plaintiff in *certiorari* thereupon filed his affidavit, and sued out the writ.

The first objection made before the probate court was that the application was to relay a drain the proceedings for which were declared void because of jurisdictional defects in the original application.   Section 1740*g*3, 3 How. Stat., provides:

"Whenever any drain has been located, established, and the work of construction completed or partially completed, and any court has declared such proceeding to be illegal or void for any cause other than that such drain is unnecessary, and not conducive to the public health, convenience, or welfare, the commissioner shall, without unnecessary delay, proceed to relay and complete such drain under the provisions of this act, and reassess upon the lands benefited by such drain the original cost thereof, together with the expenses of relaying and completing, and shall continue so to do until such drain has been legally established and constructed."

This provision would appear to be broad enough to warrant this proceeding if the statute is valid.   We see no reason why this equitable provision should not be sustained.   It is not a proceeding to declare valid and effectual proceedings already had.   If it were, the power of

the legislature would be limited to dispensing with non-essentials. Jurisdictional essentials could not be dispensed with. Cooley, Const. Lim. (6th Ed.) 471. The rule is that the legislature may validate acts which it might previously have authorized, but can go no further. As the legislature could not provide in advance that the steps to acquire jurisdiction might be omitted, so it cannot, by direct enactment after failure to comply with adjudicated prerequisites, declare the proceedings valid notwithstanding. But this is not an attempt to validate these proceedings without giving the parties concerned an opportunity to be heard. Certain work had been done in advance of a valid determination of necessity, and in advance of a valid condemnation. It is none the less equitable that those benefited by this work should pay for it, nor is it any the less proper that the question of the necessity for taking property for a public use be determined. See *Miller* v. *Graham*, 17 Ohio St. 1; *Goodrich* v. *Inhabitants of Lunenburg*, 9 Gray, 38; *Grim* v. *Weissenberg School District*, 57 Pa. St. 433 (98 Am. Dec. 237); Cooley, Tax'n (2d Ed.), 302. It is true, the court in *Houseman* v. *Kent Circuit Judge*, 58 Mich. 367, refused to follow *Miller* v. *Graham, supra;* but this was on the ground that the Michigan statute under consideration in the *Houseman Case* attempted to confer administrative functions on the courts. No such objection can be urged to the present statute.

It is next objected that the description of the proposed drain in the application is insufficient. This description reads as follows:

"Commencing at a point about 50 rods south of the northeast corner of section 1, Weesaw township, in said county of Berrien, where Hickory creek crosses the highway along the easterly line of said township of Weesaw; thence, in a westerly and northwesterly direction, through said section 1; thence, crossing the southwest corner of section 36, township of Lake, in said county, into section 35, in said township of Lake, at a point about 12 rods north of the southeast corner of said section 35; thence,

running in a northerly direction, following the general course of said Hickory creek, to a point where said creek crosses the north line of said township of Lake. Said drain to have a bottom width not to exceed 10 feet, with sides sloping therefrom at an angle of not more than 45 degrees, and of sufficient depth to carry off all surplus water. The line of said drain, as proposed above, is to be the center line thereof; and the land to be used in its construction is to be taken in equal width along either side of the said center line."

The requirement of the statute is that the petition give a general description of the beginning, the route, and the terminus. This description was sufficiently accurate to give the commissioner jurisdiction. As was said by Mr. Justice CHAMPLIN in *Kinnie* v. *Bare*, 68 Mich. 627, speaking of the present provision of the statute: "What it contemplates is that the *termini* and route be approximately described for the information of the commissioner; and it is left for him to ascertain and determine the practical route and *termini*." See, also, *Gillett* v. *McLaughlin*, 69 Mich. 547; *Clark* v. *Teller*, 50 Mich. 618.

The only remaining objection which we deem it necessary to discuss at any length is the one which states that "there is nothing in said application in relation to cleaning out, deepening, widening, or straightening any watercourse." It is contended that, inasmuch as the general course of the contemplated drain is along the course of the Hickory creek, the proceedings should have been taken under the provision of the law authorizing the improvement of the watercourse. Section 1740$h7$, 3 How. Stat., provides:

"All the powers conferred by this act for establishing and constructing drains, and for the enforcement of assessments therefor, shall also extend to and include the deepening, widening, and extending of any drains which heretofore have been laid or may hereafter be constructed; also to straightening, cleaning out, and deepening the channels of creeks and streams, and the constructing, maintaining, remodeling, and repairing of levees, dykes, and barriers for the purpose of drainage. The commissioner may relocate

or extend the line of any drain if the same be necessary in order to provide a suitable outlet, in which case he shall cause a survey thereof to be made: *Provided*, that no proceedings affecting the rights of persons or property shall be had under this section, except upon a like application, notice, hearing, and award prescribed in this act for the construction of drains in the first instance."

This section does not provide for the form of the application. Provision is made in section 1740*h*4 for cleaning out established drains; but obviously such a proceeding would not have been adequate in this case. By an amendment to this section, adopted in 1893 (Act No. 203, Pub. Acts 1893, chap. 8, § 1), it was provided:

"In cases where a natural watercourse shall need cleaning out, deepening, or widening, where no proceedings have been had previously to establish such watercourse, it shall be immaterial whether the first proceedings shall be to clean out, lay out, deepen, or widen, but the commissioner shall take such steps as may be necessary to obtain a right of way as heretofore provided, and go on with his proceedings in the manner provided by law."

Under this provision, we think it clear that the petition was sufficient, and that the commissioner, under a petition to lay out a drain along the general course of this creek, might include portions of the creek, and deepen, widen, or straighten the same.

We have examined and considered the other points made, and discover no error in the proceedings of the commissioner or probate judge warranting a setting aside of the proceedings. The judgment of the circuit court will be set aside, and the *certiorari* quashed, with costs of both courts.

The other Justices concurred.