|119   525
|f137  372

ANKETELL *v.* HAYWARD.

1. DRAINS—ORDER OF DETERMINATION—SUFFICIENCY OF DESCRIP-
TION.
    An order of determination in a drain proceeding contained a
    description of the line of the proposed drain, which, con-
    strued as the center line of the strip to be taken, was defi-
    nite and certain, otherwise not. *Held,* sufficient, under 3
    How. Stat. § 1740b7.

2. SAME—COMPLETION OF UNFINISHED DRAIN—TAXES—CONSTITU-
TIONAL LAW.
    Act No. 254, Pub. Acts 1897, chap. 6, § 16, which provides that,
    in case a drain tax is set aside for a cause that does not de-
    prive the commissioner of jurisdiction to construct the im-
    provement, he may begin proceedings anew at the stage
    where they are correct, is not unconstitutional, although
    the expense of the commissioner's mistake has to be borne by
    the persons benefited by the drain.

3. APPEAL—SUPPLEMENTAL BRIEFS.
    An objection not mentioned by appellant in his original brief
    cannot properly be urged as a ground of reversal in a sup-
    plemental brief.

*Certiorari* by Elizabeth M. M. Anketell and Allen
Shelden to review the action of Hiram S. Hayward,
county drain commissioner, and Watson Beach, circuit
judge, acting as judge of probate, of Sanilac county, in
locating and establishing a drain. Submitted January 24,
1899. Writ dismissed March 14, 1899.

*John H. Farley* and *William H. Aitkin,* for plaintiffs
in *certiorari.*

*William H. Burgess* and *Babcock & Meredith,* for de-
fendants in *certiorari.*

HOOKER, J. The plaintiffs in *certiorari* are owners in
severalty of lands traversed by what is known as the
"Dwight Drain," which was constructed in 1891, and is

about five miles long, upon which there are yet some outstanding and unpaid drain orders. At that time William Thompson owned the lands now owned by plaintiff Shelden, and another 40-acre parcel, being 80 acres in all, which was assessed for benefits as one parcel. It is claimed, and, so far as we have discovered, not denied, that plaintiff Anketell acquired title to the lands now owned by her since the drain was constructed. Thompson paid the tax upon one 40-acre parcel, the other being sold to Shelden. Shelden and Anketell contested the tax for this drain, and it was declared void. The entry shows this to have been upon the ground that the "probate citation was not directed to the owners of the land, though well known." This was at the hearing of the auditor general's petition in 1893. They were reassessed, and again set aside in 1896. The remainder of the tax upon the entire drain was paid, and the matter rested until these proceedings were begun. The drain was laid out and constructed by a former drain commissioner, named McKenzie. In 1898 his successor, one of the defendants, made an application to the probate court for the appointment of special commissioners for the purpose of condemning the right of way across plaintiffs' lands. The plaintiffs appeared in answer to a citation to show cause, and objected to the appointment, for the reason, among others,—

"That the original application for the drain   *   *   *   and the first order of determination   *   *   *   contain no sufficient description of said drain, or the quantity of land proposed to be taken or occupied for the construction of said drain, or the commencement, route, or terminus thereof; that said application and said order do not describe the land needed for the construction of said drain, nor the center line thereof, nor the width of land required."

The circuit judge, acting as probate judge, overruled the objection, and appointed special commissioners. Plaintiffs took no further part in the proceedings, and, after the drain commissioner had made and filed his final order of

determination establishing the drain, they removed the proceedings to this court by *certiorari.*

This proceeding is based upon a statute, and but for this statute would be unauthorized and of no effect. It must conform to the statute, both as to the circumstances under which it was resorted to and the procedure. The statute (Pub. Acts 1897, No. 254, chap. 6, § 16) reads as follows:

"In case any drain tax heretofore or to be hereafter assessed shall be set aside except for causes that would deprive the county drain commissioner of jurisdiction to construct the drain, the commissioner may begin proceedings anew at the stage *where they shall be correct.*"

The original proceedings to lay out said drain were taken under the act of 1885, and we are of the opinion that the description of the drain was sufficiently specific to comply with the law. See 3 How. Stat. § 1740b7; *Kinnie* v. *Bare,* 68 Mich. 625.

The first order of determination contained a description of the line of the drain. It also contained a table showing the numbers of the stations, the depth, width of surface excavation, width of bottom, and width of ground for deposition of earth. If the line of the drain can be said to mean the center line of the strip to be taken, the description is definite and certain; if it cannot be, there is no way of determining what land was intended. The statute prescribes what the record shall show as his determination; and, if the line is treated as the center of the strip, the requirements of the statute constitute a perfect and certain description, while, if we do not treat the line as the center line of the tract, we must say that something more than what is required by the statute is essential to the validity of the order of determination. We are of the opinion that the former is the reasonable construction, and, therefore, that this order was valid, and it was not necessary for the commissioner to make a new first order of determination.

In a supplemental brief, counsel attempted to raise the question of the constitutionality of the law; asserting that

it is not within the power of the legislature to subject persons to assessment to pay for the mistakes of the commissioner in the first proceedings. If it was intended to raise this question, it should have been mentioned in the original brief. We think, however, that it is not meritorious. It is competent for the legislature to provide for the completion of a partly-finished drain, and point out a way for the correction of errors, so as to make it possible to complete it, although the expense is increased thereby. The increased expense must be paid by those who are benefited by the drain, as a part of its cost. *Brady* v. *Hayward*, 114 Mich. 326; *Hauser* v. *Burbank*, 117 Mich. 463.

The writ is dismissed, with costs.

The other Justices concurred.