### STURM v. KELLY.

1. DRAINS—APPLICATION—ESTABLISHMENT—CLEANING OUT.

An application for the location and establishment of a drain will confer jurisdiction upon the commissioner to clean out an old drain upon the line of the new one, and to utilize it as a portion of the new one, without separate proceedings being taken for that purpose.

2. SAME—RIGHT OF WAY—RELEASE—RAILROAD LANDS.

The granting by a railroad company of a written license for a drain to cross its right of way, and the erection by it of a culvert under its roadbed for the purpose, is sufficient as a release of the right of way.

3. SAME.

The release of a right of way for one drain cannot operate as a release for another.

4. SAME—IRREGULARITIES—CORRECTION.

Under Act No. 254, Pub. Acts 1897, chap. 5, § 3, authorizing the court to direct the county drain commissioner to correct any errors in drain proceedings, and then to proceed as though no errors had been made, proceedings may stand, although the commissioner neglected to obtain from one of the land-owners a release of the right of way, upon the commissioner's

accounting for the irregularity and securing the necessary release.

5. SAME—USE OF ESTABLISHED DRAIN—NECESSITY FOR NEW RE-LEASE.

> A drain commissioner may, in establishing a drain, use a drain formerly established, and clean it out, without obtaining a release from abutting owners along the established drain, where such owners will not be damaged by the use of the drain, but, on the contrary, will be materially benefited, and where the dimensions of the old ditch will not be changed.

Error to Bay; Maxwell, J. Submitted May 10, 1899. Decided July 11, 1899.

*Certiorari* by George M. Sturm to review the action of John A. Kelly, drain commissioner of Bay county, in laying out and establishing a drain. From a judgment sustaining the proceedings, petitioner brings error. Modified and affirmed.

A petition for the location and establishment of a drain three miles in length was presented to the respondent. He made the proper survey, and located and established the drain, but did not follow the exact survey set forth in the application. He located it so as to utilize an old drain or water-course, which he ordered to be cleaned out from a point where the new drain entered it to its terminus. Proceedings were taken in the circuit court for the county of Bay to test the validity of the drain. That order was set aside for the reason that no review of the assessment was held according to law. The court ordered the commissioner to reassess the cost of the construction, cleaning out, and establishing of the drain, and to apportion the benefits, as though no errors had been made. The drain commissioner made a new order, and this proceeding was brought to test the validity of such order. The record presents four questions, stated as follows:

(1) Did the application for the establishing of a drain authorize the drain commissioner to make his order to

clean out an established drain, and carry on further proceedings for that purpose?

(2) Can the drain commissioner make his final order to establish a drain, let contracts, assess a per cent. for benefits, and proceed with the construction of the drain, without obtaining from the owners of land to be taken for that purpose a release for a right of way, or the securing of said right by legal proceedings?

(3) Was the action of the commissioner in making his final order of determination to establish the drain, without first obtaining the right to cross the roadbed of the railroad company in the manner provided by law, legal, and can the commissioner lawfully let contracts, and assess a per cent. of benefits, and proceed with the construction of the drain, before he has secured the right to legally cross the property of the railroad company?

(4) Can the drain commissioner appropriate and use an established drain as the outlet for a new drain to be established, without the consent of the owners of the land on each side of the established drain?

*Lyon & Pierce*, for appellant.

*John E. Kinnane* and *Edward E. Anneke*, for appellee.

GRANT, C. J. (*after stating the facts*). 1. The important question is the first one. The petition to the commissioner did not ask for the cleaning out of an established drain, and it is urged that the commissioner obtained no jurisdiction to make this part of the order. The respondent makes the following return upon this point:

"Said established drain is the natural outlet of the waters to be drained by said Behmlander drain which are situated north of the Salzburg road; and there is no feasible outlet for said last-mentioned waters in the direction of Squaconning creek, except through said established drain, without constructing a new drain practically parallel therewith. That a large portion of said established drain, so called, is a creek or natural water-course, and is so classed in the field-notes of the government survey of said land. * * * That the application upon which my said action with reference to said drain is based, while

formally asking for the establishment of a drain as if no drain had ever been established upon this line or any portion thereof, was, in my judgment, sufficient both for the establishment of a drain and as giving jurisdiction and authority to clean out and make use of that portion of a then existing drain or water-course covered by the application, and which greatly lessened the expense and labor required to establish said drain and secure the proper drainage for the lands adjacent thereto. * * * Said petition cannot be reasonably construed to mean, or to have been intended by the signers thereof, that a new drain was to be established between the points aforesaid, and can only be construed to mean that the portion of said drain between the points aforesaid was to be established by cleaning out and making use of the said established drain or water-course. And that said application, in substance and in fact, asked for and gives jurisdiction for doing the work actually done by me in the establishing of said drain as aforesaid, and that said application can only be construed as asking for the establishment of a drain by making a new cut along the line thereof to the point where the established drain, so called, is reached, and cleaning out and improving said established drain so as to conform with the cut so made from that point to the terminus of the drain."

There was no record of the location and establishment of this so-called old drain. Under the return, it was once a natural water-course. We think this point is ruled by *Hauser* v. *Burbank*, 117 Mich. 463. Where a water-course, or a portion of an old drain, becomes a part of a new drain to be established, we do not think that separate proceedings are necessary to be taken for cleaning out the old drain, or that the petition should ask that the old drain be cleaned out. We hold the petition sufficient.

2. The second and third questions may be treated together. The railroad company did not execute a formal release, but it gave a written consent or license for the drain to cross its right of way, and erected a culvert under its roadbed on the line of the grade of the drain for that purpose. This is a sufficient release.

One Meyer owned some land along the drain, petitioned

for the drain, and is the only abutting landowner who did not release his right of way. He had signed a release of right of way for a like drain one year before. Respondent was unable to see him, to procure his signature to a release, and relied upon his willingness to give the same when called for. The release for a right of way for one drain cannot operate as a release for another. The obtaining of releases is essential. *Zabel* v. *Harshman*, 68 Mich. 273. The court, under section 3, chap. 5, Act No. 254, Pub. Acts 1897, is authorized to direct the county drain commissioner to correct any error, and then proceed as though no error had been made. Under this provision, and the return of the respondent, we think it proper to permit the proceedings to stand, upon the respondent's acquiring a release of the right of way from Mr. Meyer.

3. We do not think that a release by the abutting owners along the so-called established drain was essential, in the face of the fact that the return shows that such owners will not be damaged by the use of this drain, but, on the contrary, will be materially benefited, and that the dimensions of the ditch are not changed.

Judgment modified and affirmed.

The other Justices concurred.