POLLOCK *v.* SOWERS.

1. Drains — Proceedings to Construct — Invalidity — Subsequent Proceedings.

2 Comp. Laws, § 4366, as amended by Act No. 272, Pub. Acts 1899, and 2 Comp. Laws, § 4369, providing for the completion of drains begun and uncompleted because of defects in the proceedings, should be construed together, and, as so construed, authorize a county drain commissioner to complete a drain, after a tax for its construction has been declared void, for the reason that the drain was not completed at the time the tax was levied, though the proceeding instituted by the taxpayer attacked the payment of the tax only, and the drain commissioner had certified that the drain had been completed.

2. Same—Invalidity of Tax—Res Judicata.

Where, in proceedings to enforce a drain tax, the court found that the assessment was irregular in form; that the taxes were not placed on the tax roll under the proper heading; that the benefit to the taxpayer from the drain was slight, because it had not been completed, and that therefore it would be unjust to decree the tax against the land,—such finding did not constitute a judgment that the tax was

wholly void, or that, if benefits were actually received when the drain should be completed, complainant's land would not be subject to proper assessment therefor, so as to preclude a completion of the drain and reassessment of the costs as authorized by 2 Comp. Laws, §§ 4366, 4369.

3. SAME—DELINQUENT CONTRACTOR—COMPLETION.

The fact that a public drain contractor becomes delinquent, and fails to complete the drain through complainant's land as specified in the contract, will not exempt such lands from taxation for the subsequent completion of the drain by other contractors under subsequent proceedings.

Appeal from Eaton; Smith, J.   Submitted April 8, 1904. (Docket No. 24.)   Decided July 27, 1904.

Bill by Samuel Pollock and Lyman H. McCall against Rosslyn L. Sowers, drain commissioner of Eaton county, to restrain the completion of a drain.   From a decree dismissing the bill, complainants appeal.   Affirmed.

*Garry C. Fox,* for complainants.

*Lewis J. Dann* and *Horace S. Maynard,* for defendant.

MONTGOMERY, J.   In the fall of 1896 Morrell E. Newcomb, then county drain commissioner, received a petition to locate, establish, and construct a county drain in Eaton township, Eaton county.   The proposed drain was to traverse the lands of complainants.   Both complainants signed the petition.   On the 10th of April, 1897, the drain was lawfully located and established.   The drain was then divided into sections.   The drain commissioner sold at public auction the jobs for the construction of the drain. One of the bidders forfeited his job, and the same was re-let.   The drain commissioner certified that the drain was completed, the tax was spread upon the tax rolls, and the lands owned by complainants were assessed.   The taxes remaining unpaid, the auditor general filed a petition in the circuit court for the county of Eaton for the sale of these lands, and on the hearing the circuit judge refused

to direct a sale of these lands for the drain tax, the summing up of his finding in the matter being as follows:

"Taking into consideration the entire case as shown by the evidence; that the drain is not completed as per the survey; that the benefits to contestant are slight, if any he has; that when this tax of four hundred dollars and upwards was levied against his lands, and when he was asked to pay it, that nothing had been done toward the construction of a drain on his land, and below it the contracts had not been completed according to the survey, and also considering the subsequent proceedings in the reletting of the job on contestant's land and constructing of the drain thereon, and the further fact of the want of benefit to his land—it seems to me that it would be unjust to decree this tax against his land."

The matter remained in abeyance until September, 1901, when a petition was filed by the present drain commissioner, asking that the drain be completed under the statute (section 4366, 2. Comp. Laws, as amended by Act No. 272, Pub. Acts 1899, § 13, chap. 6). The defendant commissioner was proceeding to take steps to complete the drain under this act and under section 4369 of the Compiled Laws, when this bill was filed by the complainants, and the question presented in the case is whether this statute authorizes the present proceeding.

The statute is broad in its terms, and reads as follows:

"Whenever any drain has been located, established, and the work of construction completed or partially completed, and any court has declared such proceedings illegal or void for any cause other than that such drain is unnecessary and not conducive to the public health, convenience, or welfare, the county drain commissioner shall, without unnecessary delay, proceed to relay and complete such drain under the provisions of this act, and reassess upon the lands benefited by such drain the original cost thereof, together with the expenses of relaying and completing, and shall continue so to do until such drain has been legally established and constructed: *Provided*, that on such relaying or completion of such drain proceedings it shall not be necessary to readvertise a day of letting, but he shall advertise a day of review for benefits, which review may be held at the office of the county drain commissioner:

*Provided further*, that any person who has paid the tax for benefits assessed against him for such drain shall be allowed the amount so paid and the township treasurer or other officer authorized to receive payment for taxes assessed in any township or city shall accept the receipt heretofore issued or certificate of the county treasurer that such taxes were paid, for the payment of such drain taxes as cash, the same to apply on such renewed assessment. The receipt (or certificate) so received by the township treasurer or other officer shall be credited to him and allowed as money. The provisions of this section shall also apply to drains laid out and wholly or partly constructed under the provisions of all drain laws in force prior to the passage of this act."

The complainants, however, contend that this section was not intended to cover cases where the drain commissioner had certified the drain as completed, and where the proceedings instituted by the taxpayer simply go to the payment of the tax. It is said that this drain has not been declared void, but that the tax imposed for the same has. We think, however, that this section should be read in connection with section 4369, which throws light upon the legislative intent, and that the real purpose of the legislature is thus made manifest.

It is the contention of the complainants in the present case that this drain was not constructed at the time the tax was levied, and never has been completely constructed, and that it has been so adjudicated by the circuit court in chancery in the case instituted by the auditor general. This appears to be the fact. The facts, therefore, bring the case directly within the language of section 13.

But it is further contended that, the tax against complainants' lands having been declared void in the auditor general proceedings, this section cannot now be operative, for it would permit the drain commissioner to overturn a decision of the circuit court in chancery. This contention has much of plausibility in it, and appealed somewhat strongly to the court at the hearing. But a further investigation has convinced us that it cannot be said that the finding of the circuit judge in the chancery case was

to the effect that this tax was wholly void. The minutes
of his decision indicate that stress was laid upon the fact
that the assessment was irregular in its form; that the
taxes were not placed upon the roll under a proper head-
ing; that the taxpayer has a right, before he is called upon
to pay his taxes, to have the ditch built substantially as
contemplated; and that, as the drain was not completed,
and the benefit to the contestant was slight, and that as
when this tax was levied upon complainant's lands nothing
had been done toward the construction of the drain upon
his land, and the contract had not been completed—it
would be unjust to decree this tax against his land. We
are convinced that this is not a determination that, if the
benefits were actually received, and when and as soon as
the drain should be completed in accordance with the orig-
inal survey, the complainant's land would not be subject
to a proper assessment. We think, therefore, the case
falls within *Hauser* v. *Burbank,* 117 Mich. 463 (76 N.
W. 109), and *Anketell* v. *Hayward,* 119 Mich. 525 (78
N. W. 557).

It must be assumed that the defendant, in completing
this drain, will spend as much money, and no more, than
is necessary to complete the same in accordance with the
survey as originally made. We do not overlook the fact
that the result may bear heavily upon the present com-
plainants, and that they may be compelled to bear a bur-
den in excess of what their taxes would have been had the
drain been properly completed by the first drain com-
missioner. This is manifest. But we do not think the
fact that the first contractors were delinquent, and failed
to perform their duty, exempts the complainants' lands
from taxation for the completion of the drain. In a sense,
the public officers who spread a tax for any public im-
provement, or who supervise the execution of contracts
for such improvement, are the agents of those particularly
or generally benefited by the improvement. For any der-
eliction of duty the party who suffers a loss by their neg-
lect or wrong may have an action for damages. But be-

cause one contractor goes wrong we do not think it is contemplated that an entire public improvement may be arrested at a point where no benefit may result from the labor expended.

The decree of the court below, which accords with the views herein expressed, will be affirmed.

MOORE, C. J., and CARPENTER, J., concurred.  GRANT and HOOKER, JJ., did not sit.