## AYCOCK-LITTLE CO. v. SOUTHERN RY.

CARRIER—CONSTITUTION—FREIGHT.—THE ACT OF 1903, 24 STAT., 81, providing a penalty for failure of carrier to adjust loss or damage to freight in limited time, is not violation of Sec. 17, Art. III, of Constitution in that its title and the body of the Act relate to two distinct subjects, for they relate to two phases of the same general subject.

Before PRINCE, J., Union, June Term, 1906.    Affirmed.

Action by Aycock-Little Co. against Southern Ry. Co. From Circuit order affirming judgment of Magistrate W. W. Johnson, defendant appeals.

*Messrs. Townsend & Townsend,* for appellant, cite: 19 S. C., 114; 16 S. C., 47; 63 S. C., 181; 69 S. C., 322; 73 S. C., 71.

*Mr. John K. Hamblin,* contra, cites: 16 S. C., 52; 18 S. C., 466; 4 S. C., 442; Cool. Con. Lim., 143; 23 S. C., 427; 71 S. C., 486; 51 S. C., 458; 64 Am. St. R., 64; 96 U. S., 315; 15 S. C., 581; 41 S. C., 220. *Objection not raised before Magistrate cannot be considered:* 21 S. C., 432; 59 S. C., 581; 54 S. C., 256; 44 S. C., 168, 299, 23; 55 S. C., 51; 60 S. C., 153.

March 19, 1907.    The opinion of the Court was delivered by

MR. JUSTICE JONES.    Judgment was rendered in a magistrate's court in favor of plaintiff against defendant for $7.00 loss or damage to freight over defendant's line and $50.00 penalty under the act of 1903, 24 Stat., 81, for failure to adjust and pay said loss or damage within forty days, as required by the statute; and this judgment on appeal was affirmed by the Circuit Court.

One of the questions raised before the Circuit Court and the only question involved in this appeal is whether the

said act of 1903 is in violation of Art. 3, Sec. 17 of the Constitution, requiring that "every act or resolution having the force of law shall relate to but one subject, and that shall be expressed in the title." The title of the act in question is "An Act to regulate the manner in which common carriers doing business in this State shall adjust freight charges and claims for loss of or damage to freight." Section 1 provides that common carriers shall settle their freight charges according to the rate stipulated in the bill of lading, which must conform to certain classifications named in the act, and further prescribing certain duties and liabilities in connection therewith. Section 2 provides that every claim for loss or damage to property while in the carrier's possession shall be adjusted and paid within forty days, in case of State shipments, and ninety days, in case of interstate shipments, after the filing of the claim with the agent of the carrier at point of destination, etc.

It is not contended that the body of the act is not within or germane to the title, but that both body and title relate to two subjects, one relating to payment of freight charges by the customer to the carrier, the other relating to payment of loss or damage to freight by the carrier to the customer.

In questions arising under this section of the Constitution the Court must give a broad and liberal construction so as not to embarrass, clog or defeat legislation, unnecessarily compelling separate enactments on every phase, qualification, application, or matter promotive, of a general subject. *Coleman* v. *Chester,* 18 S. C., 466; *State* v. *O'Day,* 73 S. C., 448.

In *Morton, Bliss & Co.* v. *Comptroller General,* 4 S. C., 442, " An Act to provide for the appointment of a land commissioner *and to define his powers and duties,*" was held to relate to but one subject. The case of *Connor* v. *Railroad,* 23 S. C., 427, held that "An Act to incorporate the Green Pond, Walterboro and Blackville Railroad Company" did not relate to more than one subject expressed in this title, because it authorized the County of Colleton to

subscribe to its capital stock.    In *Riley* v. *Union Station Co.*, 71 S. C., 487, 51 S. E., 485, the Court held that an Act to incorporate the "Charleston Union Station Company" did not violate this provision of the Constitution, because it provided also that certain railroad companies named may subscribe to and hold its capital stock and guarantee its bonds.

These illustrations are sufficient to show that the title of the act in question did not relate to two distinct subjects, but rather two phases of the same general subject, which was the regulation of the manner of adjusting claims between common carriers and their customers, arising out of the transportation and custody of freight.

The judgment of the Circuit Court is affirmed.