10624

ROBINSON v. CITY OF COLUMBIA.

(107 S. E. 476)

1.   STATUTES—AMENDATORY ACT MAKING SPECIAL ACT GENERAL UNCONSTITUTIONAL FOR FAILURE OF TITLE TO CONFORM TO BODY OF ACT.—Act March 13, 1919, (31 St. at Large, p. 273), described in title as an act to amend Civ. Code 1912, § 2937, as amended, a special act relating to tax levy applicable only to the cities of Anderson and Spartanburg, and purporting in its body to remove all limitations upon the authority of cities of more than a specified population to impose annual taxes for municipal   purposes, *held* violative of Const. art. 3, § 17, in that the title does not conform to the body of the act.

2.   STATUTES—OMITTED WORDS CANNOT BE SUPPLIED TO MAKE TITLE CONFORM TO BODY OF ACT.—Words omitted from title by clerical error cannot be supplied to make the title conform to the body of the act, as required by Const. art. 3, § 17.

3.   STATUTES—TITLE SHOULD NOT INCLUDE ALL PROVISIONS, BUT MUST INDICATE SUBJECT OF PROPOSED LEGISLATION.—The title should not contain all the provisions of the act, but under Const. art. 3, § 17, requiring title to   conform to body of act, must indicate the subject of the proposed legislation.

13—s. c. 116

4. Appeal and Error—Objection to Constitutionality of Act Not Relied on not Considered on Appeal.—Action to recover excess taxes levied under alleged unconstitutional act, objection to constitutionality, alleged but not relied upon by plaintiff, will not be considered on appeal.

Before Whaley, J., County Court, Richland, August, 1920. Reversed.

Action by D. W. Robinson against the City of Columbia. From judgment for defendant the plaintiff appeals.

*Mr. D. W. Robinson,* for appellant, cites: *Act in question*: 31 Stats. 273. *Purpose was as a substitute for Sec. 2937,* 1 Civ. Code 1912. *Act shall relate to one subject, and that shall be expressed in the title*: Const. 1895, Art. III, Sec. 17; 16 S. C. 56; 80 S. C. 130; 51 S. C. 249; 68 S. C. 149. *This provision entitled to a liberal construction*: 59 S. C. 409; 106 S. C. 161; 111 S. C. 209. *Act as enrolled is conclusive evidence of its terms*: 104 S. C. 345; 39 S. C. 307. *Sec. 2937,* 1 *Civ. Code* 1912 *is a nullity*: Art. III, Sec. 34, Const. 1895; Art. VIII, Subsec. 1; 109 S. C. 6; 114 S. C. 120; 105 S. C. 185. *Court should grant all relief to which a party is entitled even if it be not all that he ask for*: 113 S. C. 477; 39 S. C. 13. *Not the right to tax, but the extent, is at issue*: 13 S. C. 55.

*Mr. C. S. Monteith,* for respondent, cites: *Similar provision to Sec. 17, Art. III, Const. 1895 was Sec. 20, Art. II, Const. 1868, construed by the Court in*: 14 S. C. 449; 16 S. C. 56; 76 S. C. 332; 4 S. C. 430; 4 S. C. 530; 12 S. C. 203; 16 S. C. 47; 79 S. C. 114; 23 S. C. 427; 25 S. C. 53; 30 S. C. 1; 31 S. C. 282; 34 S. C. 357; 51 S. C. 247; 58 S. C. 415; 59 S. C. 52; 68 S. C. 149; 72 S. C. 513; 75 S. C. 427; 77 S. C. 260; 76 S. C. 331; 79 S. C. 96; 80 S. C. 127; 97 S. C. 212; 103 S. C. 10. *Sec.* 2937, 1 *Civ. Code* 1912, *was passed*: 25 Stat. 1053. *First amendment*: 29 Stat. 71. *Second amendment*: 29 Stat. 736. *Third amendment*: 30 Stat. 273. *Taxing power of municipalities*

*limited*: 12 S. C. 76; 73 S. C. 89; Art. VIII, Sec. 3, 6, Const. 1895. *Restriction is as to the object of taxation, not the amount*: 39 S. C. 5.

May 31, 1921.

The opinion of the Court was delivered by Mr. Justice Fraser.

This is an action under the statute, to recover $33.54, alleged to be excess taxes paid by the plaintiff on his property located in the City of Columbia. The complaint alleges that the excess tax was levied under the act of 1919 (31 St. at Large, p. 273). It is alleged that this act violates section 17 of article 3, and section 3 of article 8, in that, first, the title does not conform to the body of the act, and, second, that there is no limitation on the power of cities to levy taxes.

I. Does the title conform to the body of the act? It does not. It would serve no good purpose to cite authorities for this holding. This unconstitutionality is too clear. A simple statement of case is sufficient. Section 2937, Code of Laws of South Carolina, Vol. 1, is a special act and applies only to the City of Anderson. That section was amended to include the City of Greenville; again amended to exclude the City of Greenville; then amended to include the City of Spartanburg. The act in question in 1919 amended the Spartanburg act so as to make it general. The act reads as follows:

"An act to amend section 2937, volume 1, Code of Laws of South Carolina, as amended by an act entitled 'An act to amend section 2937, volume 1, Code of Laws as amended by an act entitled "An act to amend an act entitled 'An act to amend section 2937 of volume 1, Code of Laws of South Carolina 1912, relating to the right of municipalities to impose a tax for municipal purposes,' so as to include the City of Greenville," approved the 11th day of February, 1915, so as to exclude the City of Greenville from the op-

eration of said act.' Approved February 11, 1916, with reference to municipal tax levy of the City of Spartanburg. * * *

"Section 2937. All municipal corporations containing more than five thousand inhabitants shall have power to impose by ordinance an annual tax sufficient to meet all expenses of the municipality, including current expenses, any school tax provided by law, fixed charges in the way of interest and sinking fund on bond, and any other matter for which such municipality may be now or hereafter liable: Provided, that ten days' public notice thereof shall be given, setting forth the amount levied for the several purposes for which levy may be made: Provided, the levy in the City of Spartanburg shall not exceed fifteen (15) mills, and out of the taxes so levied the City Council of Spartanburg is authorized to appropriate such amount as may be necessary to pay the rents due by the said city under its contracts for rental of certain lands used by United States Government for camp purposes."

The title to the act and the title on the cover to the act are not the same, and the respondent seeks to sustain the act by showing that certain words, to wit: "by striking out certain provisions therein contained," had, by a clerical error, been omitted from the title. That does not cure the defect. There were three statutes amending Section 2937; all of them were special statutes, and even if omitted words could be supplied (it is elemental that they cannot), they gave no notice that the object of the act was to change a special law into a general law. It is true that the title to an act should contain all of the provisions of the act, but it must indicate the subject of the proposed legislation. The act to amend an act relating only to Anderson and Spartanburg by striking out certain provisions therein contained gives notice of a change that affects only Anderson and Spartanburg, and this act affected neither, but made a general law out of a special law.

II. The decree from which this appeal is taken says:
"The last ground, however, was not relied upon by
plaintiff." There is nothing in the case to show
that this statement is erroneous. The second ground can-
not be considered. It is now academic any way.

The judgment is reversed.

MR. CHIEF JUSTICE GARY and JUSTICES WATTS and
COTHRAN concur.

MR. JUSTICE COTHRAN: I concur in the conclusions
reached by the other members of this Court, but I feel that
the far-reaching effect of this judgment justifies a separate
statement, expressing in somewhat different form the
grounds of my concurrence.

The plaintiff, a citizen of the City of Columbia, paid the
amount of taxes levied by the city authorities upon his
property for the year 1919, $123.65, under protest, and
within the proper time brought this action to recover the
sum of $33.45, that being the difference between the amount
collected upon the basis of a 27½-mill levy and the amount
which should have been collected upon a 20-mill levy; his
contention being that under the law the City of Columbia
was limited to the latter levy.

The plaintiff relies upon the Act of 1893 (21 Stat. 678)
as a limitation upon the authority of the City of Columbia
to levy a tax in excess of 20 mills. The defendant relies
upon the Act of 1919 (31 Stat. 273) as removing all limita-
tions upon the authority of the City of Columbia to levy
taxes for municipal purposes.

The plaintiff contests the validity of the Act of 1919, and
attacks it upon two grounds: (1) That it violates the pro-
visions of the Constitution, art. 3, § 17, in that the subject
of the act is not expressed in the title; (2) that it violates
the provisions of the Constitution, art 8, § 3, in that it con-
tains no restriction upon the authority of the cities affected
by it to levy municipal taxes.

The action was instituted in the County Court of Rich-land County and upon trial there the county Judge ren-dered a decree in favor of the city upon the first objection of the plaintiff, stating that the second was not pressed at the trial before him. The plaintiff has appealed, and by ex-ceptions raises the same questions in this Court.

The matter is quite complicated and requires a considera-tion of the statute law as it was in 1912 (the date of the adoption of the Code of Laws), the amendments thereto, and the Act of 1919 above referred to.

Section 2950, vol. 1, Code of Laws, A. D. 1912, as amended by the Act of 1912 (27 Stat. 635), contains a limitation upon the authority of cities and towns of over 6,000 inhabitants, in the levying of taxes, of 12½ mills, allowing them in addition thereto to levy such taxes as might be necessary to pay interest upon bonds and to pro-vide for a sinking fund to retire such bonds. This was a general act, applying to all municipalities of the class stated, except the cities of Anderson and Chester, as to which spe-cial provision was made in sections 2937 and 2938; Ander-son being given, as we shall see, unlimited authority, and Chester being limited to 15 mills.

Section 2937 opens up as a general act conferring un-limited authority upon all municipalities of the 5,000 and over class, but closes with a proviso that it shall apply only to the City of Anderson; the effect of which is that this sec-tion was made a special act applying only to the City of Anderson, while all other municipalities of the class stated, with the exception of the City of Chester, limited to 15 mills by section 2938, were subject to the limitations of 12½ mills contained in section 2950.

The Act of 1915 (29 Stat. 71) amended section 2937 by including the City of Greenville along with the City of Anderson, conferring upon Greenville also unlimited au-thority. So that upon its enactment only the cities named possessed this unlimited authority.

The Act of 1916 (29 Stat 736) amended the amendatory act of 1915 by practically repealing it, excluding the City of Greenville from the provisions of section 2937.  So that upon its enactment section 2937 was restored to its original form and only the City of Anderson possessed the unlimited authority.

The Act of 1918 (30 Stat. 851) amended section 2937, · as amended by the, Acts of 1915 and 1916 above referred to (relating only to the City of Greenville, and which practically canceled each other), by including the City of Spartanburg, to which was applied a limitation of 15 mills.  So that upon its enactment the City of Anderson remained still the only city with unlimited authority; the City of Spartanburg by that act being limited to 15 mills, the City of Chester .by section 2938 being limited to 15 mills, and all others of the stated class being subject to limitations contained in section 2950.  This was the status of the law when the bill was proposed which became an Act of 1919 (31 Stat. 273).

This act, with a lumbering, ungrammatical and practically unintelligible title, purports to amend section 2937, as amended by the Acts of 1915, 1916, and 1918, above referred to.  The body of the act strikes out the proviso which limited the application of section 2937 to the City of Anderson, and retains the limitation of 15 mills upon the City of Spartanburg.  So that by its terms upon every municipality in the State, with the exception of the City of Spartanburg, there was conferred unlimited authority in the matter of levying taxes.  To make this possible a little clearer: Section 2937, apparently general in its terms, contained a proviso limiting its application to the City of Anderson; by striking out this limiting proviso the section was necessarily made general, applying to all municipalities of the stated class, the limitations, however, upon the City of Spartanburg being retained.

The effect of the act, therefore, if allowed to stand, would be to repeal the provisions of section 2950, containing the limitation of 12½ mills applicable to all municipalities of the stated class, and section 2938, containing the limitation of 15 mills upon the City of Chester, and leave all municipalities of the stated class with unlimited authority, except the City of Spartanburg.

The question for determination is whether or not this result can be accomplished by an act the title of which purports simply to amend an act local in its nature, without any suggestion in the title that it was proposed to give to a local act a general application.

The Constitution provides in article 3, § 17:

"Every act or resolution having the force of law shall relate to but one subject and that shall be expressed in the title."

The Courts have been extremely liberal in the interpretation of this constitutional requirement, to the end. that legislation be not embarrassed and that the apparent legislative will be not thwarted. The purpose of the provision is said to be:

"(1) To prevent hodgepodge or 'log-rolling' legislation; (2) to prevent surprise or fraud upon the Legislature by means or provisions in bills of which the title gave no intimation, and which might therefore be overlooked and carelessly and unintentionally adopted; and (3) to fairly apprise the people, through such publication of legislative proceedings as is usually made, of the subjects of legislation that are being considered, in order that they may have opportunity of being heard thereon, by petition or otherwise, if they shall so desire." *Charleston vs. Oliver,* 16 S. C. 47, 56.

And the Court adds:

"This provision of the Constitution should be so enforced as to guard against the evils intended to be remedied, but

at the same time legislation should not be crippled or embarrassed by an unnecessary strictness of construction." Id.; *Aycock vs. Railroad Co.,* 76 S. C. 332, 57 S. E. 27; *State vs. O'Day,* 74 S. C. 449, 54 S. E. 607; *Johnson vs. Commission,* 97 S. C. 205, 81 S. E. 552.

Accordingly it has been held that the details of the proposed legislation need not be expressed in the title, so long as the title is not misleading or calculated to mislead and gives a fair intimation of the subject to be legislated upon; and it has also been frequently held that a reference in the title to a certain section of the Code proposed to be amended is sufficient without other identification, though this is opposed by other decisions.

Tested by the above principles, I have no doubt but that the act in question is violative of the constitutional requirements.

If section 2937, instead of being apparently a general act with a proviso limiting its application to the City of Anderson, had contained a specific and direct grant to the City of Anderson of unlimited authority in this matter, I do not think that it can admit of question but that an act which would confer upon all other cities the same authority should contain in its title notice to that effect. An act purporting simply to amend this special act for the City of Anderson would give no notice other than that it was intended simply to amend such local measure; the amended act still retaining its local character.

Any one reading the title of the act would be attracted by the indication of its purpose to amend section 2937 of the Code. By reference to that section he would find that it was a local matter, applying only to the City of Anderson; and unless he were specially interested in that city his attention would be withdrawn entirely from the act. There was no intimation in the title that any other city than Anderson and Spartanburg would be affected. The title concludes with the words "with reference to municipal tax

levy of the City of Spartanburg." It is impossible to tell, without reference to the body of the act, whether these words, not in quotation, were intended to indicate the purpose of the act then in passage, or were a part of the title of the act proposed to be amended. The title is not only defective in not containing a statement of the subject to be legislated upon, but is actually misleading in the indication of its local character.

If there had been no amendments at all to section 2937, and it had been the legislative intent to entirely remove the limitations imposed by section 2950, the result could have been readily accomplished by an amendment striking out the proviso limiting the application of 2937 to the City of Anderson, and in order to give other cities which would be affected by such a radical amendment notice thereof, it is only fair that the title of such an amendatory act should give some intimation, at least, of such purpose.

My conviction is that where it is proposed to convert a statute local in its operation into one of general application, it is essential that the title give notice of such purpose. *Pollock vs. Sowers*, 137 Mich. 368, 100 N. W. 598.

In view of this conclusion, it is unnecessary to consider the other constitutional questions raised in the argument of appellant.