TOTH v WATERFORD TOWNSHIP

Docket No. 77-240. Submitted May 4, 1978, at Detroit.—Decided November 27, 1978.

Steven L. Toth and Judith Toth brought an action against the Charter Township of Waterford and the Oakland County Road Commission seeking to enjoin the defendants from connecting a new proposed drain to an existing drain which crosses plaintiffs' land underground. The existing drain has been in place since the 1940's. Judgment for defendants, Oakland Circuit Court, Richard D. Kuhn, J. Plaintiffs appeal, alleging that the road commission has not acquired a prescriptive easement in the existing drain and that the proposed addition to the drain is impermissible. *Held:*

1. The road commission has acquired a prescriptive easement in the existing drain, which has been in place without objection for the statutory period.

2. The plaintiffs have not shown that they would be damaged by the addition of the proposed drain. The nature of the easement will not change because of the addition.

Affirmed.

1. DRAINS—HIGHWAYS—HIGHWAY COMMISSIONERS.

Generally, a highway commissioner has the right to have surface water drain from the highways in his jurisdiction over lower lands and may construct drains for that purpose.

2. DRAINS—EASEMENTS—EASEMENT BY PRESCRIPTION.

An owner of an upper estate acquires an easement by prescription in a drain where the owner of a lower estate without objection permits the drain to exist and to cast waters upon his land for the statutory period.

REFERENCES FOR POINTS IN HEADNOTES
[1] 39 Am Jur 2d, Highways, Streets, and Bridges § 114 *et seq.*
   78 Am Jur 2d, Waters § 126.
[2, 4] 25 Am Jur 2d, Drains and Drainage Districts § 34.
   25 Am Jur 2d, Easements and Licenses §§ 48, 57.
   78 Am Jur 2d, Waters § 20 *et seq.*
[3] 25 Am Jur 2d, Drains and Drainage Districts § 31 *et seq.*

3. DRAINS—STATUTES—DRAIN CODE.

Absent fraud, all matters pertaining to the locating, constructing, cleaning, and extending of drains are to be determined according to the procedures set forth in the Drain Code (MCL 280.1 *et seq.;* MSA 11.1001 *et seq.).*

4. DRAINS—EASEMENTS—EXISTING DRAIN.

It is necessary for drain authorities to secure easements or releases from a landowner only if a parcel of land is to be traversed or damaged by a drain; a drain authority may tie in a new drainage system to an existing drain where the existing drain is adequate to handle the additional water flow and where the county road commission has acquired a prescriptive easement in the existing drain, the nature of which will not change because of the tie-in.

*Keeling, Bogue & Huthwaite,* for plaintiffs.

*Peter J. Donlin,* for Charter Township of Waterford.

*L. W. McEntee,* for Oakland County Road Commission.

Before: M. F. CAVANAGH, P.J., and BRONSON and D. F. WALSH, JJ.

D. F. WALSH, J. Plaintiffs appeal the circuit court's denial of an injunction to restrain defendant Township of Waterford from proceeding with plans to connect a new storm drainage system to an existing underground storm drain running across plaintiffs' property. They raise two issues:

(1) Has defendant Oakland County Road Commission acquired a prescriptive easement in the existing drain?

(2) Is the proposed addition to the existing drain permissible?

Plaintiffs are the owners of a lot bordered on the west by Watkins Lake and on the east by Covert Road. In the early 1940's, the Oakland County

Road Commission installed an underground drain inside of and parallel to plainfiffs' southern property line. The drain ran from Covert Road to the lakeshore. The drain was then extended in a straight line to two catch basins located on either side of Covert Road. The eastern catch basin connected to another located at the northeast corner' of the intersection of Covert Road and Watkins Lake Road. The area drained by this storm sewer drain extends from the front of plaintiffs' lot north to the above intersection and, presumably, includes the immediate area around the Covert Road —Watkins Lake Road catch basin.

The drain on plaintiffs' property was installed with the personal knowledge of plaintiffs' grantor, and has since been maintained by the road commission.

The proposed addition to the existing drain originates on Richmond Street approximately 330 feet south of the catch basin directly in front of plaintiffs' southern property line. The new drain is to provide emergency flood relief for residential lots southeast of plaintiffs' property. The surface water from this area does not naturally flow across Covert Road and into Watkins Lake.

Plaintiffs brought the instant action to prevent connection of the Richmond Street system with the drain running across their property. After hearing testimony, the trial court ruled that the public had acquired a prescriptive easement in the existing drain and that the addition of the proposed drain would not significantly expand the existing easement or significantly damage plaintiffs' property.

We affirm the trial court's finding of a prescriptive easement in the existing drain. As a general rule, highway commissioners have the right to

have surface water drain from the highway over lower lands and may construct drains for that purpose. *Maynard v Hawley,* 331 Mich 123; 49 NW2d 92 (1951), *Tower v Somerset Twp,* 143 Mich 195; 106 NW 874 (1906). Where the owner of the lower estate without objection permits a drain to exist and cast waters upon his land for the statutory period, the upper estate owner acquires an easement by prescription in the drain. *Cranson v Snyder,* 137 Mich 340; 100 NW 674 (1904), *Leidlein v Meyer,* 95 Mich 586; 55 NW 367 (1893).

The second issue raised by plaintiffs is properly resolved by reference to the Drain Code of 1956, MCL 280.1 *et seq.;* MSA 11.1001 *et seq.* The statute represents the Legislature's attempt to codify all laws regarding drains and to provide for detailed, specific and exclusive procedures to be followed in proceedings to construct and maintain drains. *Muskegon Twp v Muskegon County Drain Commissioner,* 76 Mich App 714; 257 NW2d 224 (1977), *lv den* 402 Mich 834 (1977). Absent fraud, all matters pertaining to the locating, constructing, cleaning, extending, etc., of drains are to be determined according to the procedures set forth in the Drain Code. *Battjes Builders v Kent County Drain Commissioner,* 15 Mich App 618; 167 NW2d 123 (1969), *lv den* 382 Mich 764 (1969), *Toledo, Saginaw & Muskegon R Co v Shafer,* 190 Mich 89; 155 NW 712 (1916).

County drain commissioners have jurisdiction over all drains within their respective counties. MCL 280.23; MSA 11.1023.[1] The drain commis-

---

[1] Townships are statutorily authorized to construct storm sewers and may, under certain circumstances, act on their own initiative in doing so. MCL 41.722; MSA 5.2770(52), MCL 41.723; MSA 5.2770(53). The statute granting townships authority to construct storm sewers mentions nothing about the easements which must be obtained to carry out this function. It is the drain code which sets forth detailed requirements for obtaining the necessary easements and releases.

sioner is statutorily authorized to clean, deepen, extend, etc., existing drains. MCL 280.191; MSA 11.1191. If additional rights of way and releases of damages are necessary, the commissioner is to follow the same procedures which apply when such rights of way and releases are needed in connection with a new drain. MCL 280.195; MSA 11.1195. The commissioner must "endeavor to secure from the owners of each parcel or tract of *land to be traversed or damaged* by the proposed drain or drains an easement or release of right of way and all damages on account thereof". MCL 280.73; MSA 11.1073. (Emphasis supplied.) If the landowners do not execute the necessary releases, condemnation proceedings are to be instituted. MCL 280.75; MSA 11.1075.

Plaintiffs do not challenge the correctness of the trial court's finding that the existing drain would not be overburdened by the Richmond Street drain. The judge found that there would be no damage to plaintiffs' property as a result of the tie-in. Alternatively, the judge conceded that there would perhaps be damage due to erosion of land at the western outlet of the drain. He ordered that necessary steps be taken to prevent additional rutting or erosion of land between the drain outlet and the low water mark of Watkins Lake.

In *Sturm v Kelly,* 120 Mich 685; 79 NW 930 (1899), the Bay County drain commissioner petitioned for location and establishment of a drain. The commissioner located the new drain so as to utilize an old drain; the old drain was to be used as the outlet for the new drain. Among the issues raised on appeal was whether the commissioner could use the established drain as the outlet for

---

MCL 280.73 *et seq.;* MSA 11.1073 *et seq.* In the instant case the Township of Waterford is apparently relying on its statutory authority to invoke drain code procedures. MCL 280.71; MSA 11.1071.

the new drain without obtaining the consent of landowners on each side of the old drain. The Supreme Court held that, under the facts, it was not necessary to obtain a release for a right of way from landowners abutting the old drain. The Court based its holding on the showing that these landowners would not be damaged by the use of the new drain, but would be materially benefited, and that the dimensions of the old drain would not be changed after the tie-in. *Id.* at 689.

So too in the instant case plaintiffs have not shown that they would be damaged by the Richmond Street drain, assuming installation of the necessary outlet control. Only if a parcel of land is to be traversed or damaged by a drain is it necessary for drain authorities to secure easements or releases. MCL 280.73; MSA 11.1073. There was uncontradicted evidence that the existing drain will be adequate to handle the additional flowage from the Richmond Street drain. As a result of modifications made in the Richmond Street drain plans, that drain will be used rarely; it is to be only an emergency flood relief drain. We also note that the nature of the drain easement across plaintiffs' property will not change; it is now strictly a storm sewer and will continue as such.

Accordingly, we affirm the trial court's findings that the road commission acquired an easement by prescription in the drain on plaintiffs' property, and that the township may proceed with its plans to connect a new storm drain to the existing drain.

No costs, a public question.