### *EX PARTE* FLORENCE SCHOOL.

1. MANDAMUS should not issue to require a school commissioner to pay out moneys, where it does not appear as a fact in the "Case" that he has any moneys in hand.[1]
2. IBID.—SCHOOL FUNDS.—Mandamus should not issue on a petition to compel a school commissioner to *draw his warrant* for school funds where the law does not require him, but the board of school commissioners, to draw such warrants, it being doubtful whether he is required even to *countersign* such warrant in this case, as he is in other cases.
3. STATUTE—UNCONSTITUTIONALITY—OFFICERS.—An act apportioning school funds to a school at which tuition fees are charged for pupils able to pay, should not be declared unconstitutional on the return of the school commissioner to an application requiring him to pay out such funds, (1) because such a ruling is not necessary to the determination of the case, and (2) because no individual rights of the school commissioner being involved, it does not seem that he should be permitted to question the constitutionality of an act of the legislature directing his official action.

Before TOWNSEND, J., Florence, September, 1894.

Petition by the Board of Commissioners of the Florence Graded Schools for a writ of mandamus, requiring D. McDuffie, school commissioner for Florence County, to draw his warrant for certain school funds in favor of petitioners.

*Messrs. McNeill & Hursey,* for appellants.

---

[1] See 14 L. R. A., 773, note.

*Mr. W. F. Clayton,* contra.

January 8, 1895. The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. This was an application for a mandamus addressed to his honor, Judge Townsend. The petition alleges, in its first paragraph, that the persons therein named "constitute the board of commissioners of the Florence Graded Schools, created by an act of the General Assembly, entitled 'an act to provide for the establishment of a new school district in the [then] County of Darlington; and to authorize the levy and collection of a local tax therein,' approved December 24, 1883, and an act amendatory thereof, approved January 4, 1894." In the second paragraph the allegations are as follows: "That D. McDuffie is the school commissioner of the County of Florence, and as such has under his control the sum of two hundred and nineteen and 60–100 dollars, being a balance of the constitutional tax and poll tax apportioned according to law to said school district, and which has been long since subject to his warrant for the benefit of said school district; and although demands have been made upon the said D. McDuffie, school commissioner as aforesaid, for the warrant, in accordance with your petitioners' rights in the premises, he refused, and still refuses, to issue the said warrant." The prayer of the petition is that a writ of mandamus may issue, requiring the said D. McDuffie, as school commissioner of Florence County, to issue his warrant for the payment of the sum of $219.60 to your petitioners for the purposes set forth.

The respondent, in his return, admits the allegations contained in the first paragraph of the petition, but he denies all of the allegations contained in the second paragraph of the petition, except so much thereof as alleges that he is school commissioner of Florence County. The respondent, as a further reason why the writ prayed for should not issue, alleges "that the Florence Graded Schools, as organized and managed by the petitioners, are not public schools, within the contemplation of the Constitution of the State of South Carolina, and the acts of the legislature passed in pursuance thereof," for he alleges that if the acts of the General Assembly above referred

to, to wit: the act of 1883, and the amendatory act, approved 4th January, 1894, confer upon the petitioners the authority claimed and exercised, that the same are in conflict with the Constitution, especially sections 4 and 10 of article X. of that instrument.    Respondent also submits certain affidavits, copies of which are set out in the "Case," tending to show that the board of commissioners of the Florence Graded Schools require the payment of tuition fees, except from those unable to pay the same.

Upon these papers thus briefly stated the case was heard by the Circuit Judge, who, after argument, "ordered that the writ of mandamus prayed for be refused, for the reason that the act of the legislature incorporating the graded schools, makes them pay schools, inasmuch as it empowers the commissioners to impose a tuition fee on each pupil.    Whether they exercise this power or not, does not alter the case; it is the power vested in them by the act which determines the character or the kind of the school.    This is contrary to the spirit of the free school system, provided for by the Constitution; under that system, as I understand it, the schools are open to all, without restriction, until the free school fund is exhausted.    The two mill constitutional tax can only be applied to and for the maintenance of free public schools, and the school commissioner has no legal authority to apply it for any other purpose.    Return shows that fees are charged in this school as authorized by the act."

From this judgment the petitioners have appealed upon the several grounds set out in the record, which, under the view we take of the case, it will not be necessary to state.    While we concur *in the conclusion* reached by the Circuit Judge, that the prayer for a writ of mandamus should be refused, we do not agree with him in the grounds upon which he rested his conclusion.    There are, at least, two reasons why the mandamus should have been refused.    In the first place, it does not appear that there are any funds in the hands, or under the control, of the respondent to which petitioners are entitled, for it will be observed that the allegation to that effect in the second paragraph of the petition, is dis-

tinctly denied by the return, and there is no evidence in the "Case" controverting the return.

In the second place, even if it did appear that the sum of money mentioned in the second paragraph of the petition was "a balance of the constinutional tax and poll tax appor-tioned according to law" to the school district of the city of Florence, we see no reason why the same could not be drawn from the county treasurer by the warrant of the board of school commissioners of said school district; for by the fifth section of the act, approved 4th January, 1894 (21 Stat., at page 635), it is provided, "that the county treasurer shall hold the constitutional tax and poll tax to which the said school district is entitled under the general provision of law, subject to the warrant of the board of school commissioners of said school district." For while it is true that section 1089 of the Revised Statutes of 1893 does provide that "all moneys disbursed by any county treasurer on account of school funds, or taxes, or poll tax, shall be paid on the orders of [the] board of school trustees, countersigned by the county school commis-sioners, *or as otherwise directed in this chapter*," yet, as the act of 4th January, 1894, above quoted, which appropriately belongs to "this chapter," does otherwise direct, to wit: that school funds, &c., in the hands of the county treasurer, after they have been apportioned to the Florence School District, shall be subject to the warrant of the board of school commissioners of said school district, without any requirement that such warrant shall be countersigned by the school commissioner, we see no necessity for any such countersigning. It will be observed that the words which we have italicized in the foregoing quo-tation of section 1089 of the Revised Statutes, were not in the section as it originally appeared in General Statutes of 1882, but were added thereto as a special amendment, by the act of 1883 (18 Stat., at page 537), showing that the legislature did not intend in *every* instance that school funds should be paid out only on warrants countersigned by the school commissioner. But be this as it may, it is sufficient for the purpose of this case, to say that this is not an application to require the school commissioner to *countersign* a warrant drawn by the board of

commissioners of the Florence School District, but the application here is to compel the school commissioner to draw his warrant for the fund in question.

For these reasons, we think the judgment below must be affirmed. But we desire to add that, in affirming the judgment, we are not to be understood as endorsing the soundness of the reasoning employed by the Circuit Judge to sustain his judgment. We do not think that the question of the constitutionality of so much of the act of 4th January, 1894, as authorizes the board of commissioners of the Florence Graded Schools to assess upon each scholar supplementary tuition fees, except in certain cases, can properly be considered or determined in this proceeding, for two reasons: 1st. It is a well settled and most salutary rule, that a court should never undertake to pass upon the constitutionality of an act of the legislature—an ordinate branch of the government—unless it is necessary to the determination of the case in which such a question is presented; and, as we have seen, it is not necessary to determination of this case that we should pass upon the constitutionality of so much of the act of 4th January, 1894, as empowers the board of commissioners of the school district of the city of Florence "to assess upon each scholar, as supplementary tuition fees, such sum or sums as may be necessary to meet the expenses of said schools," accompanied with a proviso that such tuition fees shall not be exacted from those unable to pay the same. For, as is said in Cool. Cons. Lim., at page 163 of 2d edit.: Neither will a court, as a general rule, pass upon a constitutional question, and decide a statute to be invalid, unless a decision upon that very point becomes necessary to the determination of the cause. * * * In any case, therefore, where a constitutional question is raised, though it may be legitimately presented by the record, yet if the record also presents some other and clear ground upon which the court may rest its judgment, and thereby render the constitutional question immaterial to the case, that course will be adopted, and the question of constitutional power will be left for consideration until a case arises which cannot be disposed of with-

out considering it, and when, consequently, a decision upon such question will be unavoidable."

But, in addition to this, it seems to us more than questionable whether it is competent for respondent to raise the constitutional question in this case. For, as is said in Cool. Cons. Lim., at pp. 163-4: "Nor will a court listen to an objection made to the constitutionality of an act, by a party whose rights it does not affect, and who has, therefore, no interest in defeating it. * * * The statute is assumed to be valid until some one complains whose rights it invades. *Prima facie*, and on the face of the act itself, nothing will generally appear to show that the act is not valid, and it is only when some persons attempt to resist its operation, and calls in the aid of the judicial power to pronounce it void as to him, his property, or his rights, that the objection of unconstitutionality can be presented and sustained. Respect for the legislature, therefore, concurs with well established principles of law in the conclusion that such an act is not void, but voidable only; and it follows as a necessary legal inference from this position, that this ground of avoidance can be taken advantage of by those only who have a right to question the validity of the act, and not by strangers." In this case it appears that the petitioners are doing nothing more than what they are expressly authorized to do by the sixth section of the act of 4th January, 1894, from which the preceding quotation has been made; and if it is claimed that such provision is unconstitutional, and invades or infringes upon the constitutional rights of any citizen, it is for such citizen to raise the question by some proper proceeding against the petitioners, and not for this respondent, whose constitutional rights, so far as we can discover from anything appearing in this case, have neither been invaded nor infringed upon by said act, or by the action of the petitioners thereunder. We must, therefore, decline to indicate any opinion as to the constitutional question, resting our affirmance of the judgment below solely upon the grounds herein above stated, and not upon the grounds presented in the Circuit decee.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.