STATE v. O'DAY.

CONSTITUTION—SAFE CRACKERS—STATUTES.—The act entitled "An act to provide punishment for safe crackers," 24 Stat., 396, is not violative of sec. 17, of art. III., of Constitution, in that the subject of the act is not expressed in the title. Who may be denominated "safe crackers," under the act stated.

Before O. W. BUCHANAN, special Judge, Lancaster, October, 1905. Affirmed.

Indictment against Charles O'Day and John Fisher for safe cracking. From sentence on verdict, defendants appeal.

*Messrs. Williams & Williams,* for appellants, cite: 68 S. C., 148; 36 S. E., 232; 22 S. E., 57; 17 S. E., 1004; 13 S. E., 596; 51 S. C., 247; 16 S. C., 47.

*Assistant Attorney General D. C. Ray,* contra, cites: 16 S. C., 47; 23 S. C., 427; 30 S. C., 9; 39 S. C., 317.

June 30, 1906. The opinion of the Court was delivered by

MR. JUSTICE JONES. The appellants were indicted under the act entitled "An Act to provide punishment for safe crackers," approved February 19, 1904, 24 Stat., 396. The jury found them guilty with a recommendation to mercy, and they were sentenced to imprisonment in the penitentiary at hard labor for fifteen years. Both in a motion to direct a verdict of not guilty and in a motion for a new trial appellants contended that the act of 1904, *supra,* violates sec. 17, art. III., of the Constitution, in that the subject of the act is not expressed in its title, and this is the sole question presented by this appeal.

We agree with the Circuit Court in holding that the statute is constitutional. The title of the act has been stated above. The body of the act is as follows: "Section 1. Be it enacted

by the General Assembly of the State of South Carolina,
That any person convicted of using any explosive in or about
a safe used for keeping money or other valuables, with intent
to commit larceny or any other crime, shall be deemed guilty
of felony and be sentenced to the penitentiary during the
term of his life: *Provided,* That if the jury recommend the
defendant to the mercy of the Court, a sentence of not less
than ten years imprisonment may be imposed, in the discre-
tion of the Court."

In Cooley's Constitutional Limitations, 143-4, which is
quoted with approval in *Charleston* v. *Oliver,* 16 S. C., 47,
56, the purpose of the constitutional provision in question is
said to be: "1st, to prevent hodge-podge or log-rolling legis-
lation; 2d, to prevent surprise or fraud upon the legislature
by means of provisions in bills of which the title gave no
intimation, and which might, therefore, be overlooked and
carelessly and unintentionally adopted; and 3d, to fairly
apprise the people through such publication of legislative
proceedings as is usually made of the subjects of legislation
that are being considered, in order that they may have oppor-
tunity of being heard thereon by petition or otherwise, if they
shall so desire." This provision of the Constitution should
be so enforced as to guard against the evils intended to be
remedied, but at the same time legislation should not be
crippled or embarrassed by an unnecessary strictness of con-
struction. *Charleston* v. *Oliver,* 16 S. C., 56. Hence the
Courts generally agree that the details of legislation need not
be expressed in the title and that the mandate of the Consti-
tution is complied with if the title states the general subject
of legislation and the provisions in the body of the act are
germane thereto as means to accomplish the object expressed
in the title. *Connor* v. *Railroad,* 23 S. C., 427; *Riley* v.
*Union Station,* 71 S. C., 486; *Bobel* v. *People,* 64 Am. St.
Rep., 64, and note at page 72.

The general object expressed in the title to the act under
consideration is to provide punishment for safe crackers,
and the body of the act is germane thereto as a means for

29—74

accomplishment of such purpose, by declaring that any person convicted of using any explosive in or about a safe used for keeping money or other valuables with criminal intent shall be deemed guilty of a felony and shall be punished as prescribed. It may be granted that the term "safe crackers" has a broader meaning than one who cracks or attempts to crack a safe by the use of an explosive, and may cover persons who break or attempt to break into safes through other instrumentalities, but the general terms in the title certainly cover the particular offense described in the body of the act. It is not essential to constitute a safe cracker that he shall be successful in his attempt to break open the safe; for one may fairly be declared to be a safe cracker who uses explosives in an attempt to break open a safe used for keeping valuables, with intent to commit a larceny, and such evidently was the view of the Legislature. While the enactment must come within and be germane to the title, it is not essential to cover the whole domain of the title without qualification or limitation. *State* v. *Chester,* 18 S. C., 467; *State* v. *Schlitz Brewing Co.,* 78 Am. St. Rep., 947.

The judgment of the Circuit Court is affirmed.