6740

STATE v. HUNTER.

1. VENUE.—THE COURT OF GENERAL SESSIONS may be extended into the time fixed for the Court of Common Pleas and a motion for change of venue in a criminal case may be heard and determined by a Judge while the Common Pleas is in session, before adjournment of General Sessions.

2. CONSTITUTIONAL LAW.—The act, 24 Stat., 845, amending Section 2735, Code 1902, relating to change of venue, is not violative of

Sec. 17, Art. III, because its title, "Relating to Change of Venue," does not refer to the substance of the amendment—changing time of notice.

Before GARY, J., Laurens, September, 1907.    Affirmed.

Motion by State in State against G. Wash. Hunter for change of venue.    From order granting change, defendant appeals.

*Messrs. W. R. Richey, O. L. Schumpert* and *Cole L. Blease,* for appellant. *Mr. Blease* cites: *On question of jurisdiction:* Code of Proc., 27; 76 S. C., 105; 75 S. C., 372; Code of Proc., 30, 147; 74 S. C., 512; Code 1902, 2735; 38 S. C., 399; 72 S. C., 574. *As to the constitutionality of the Act:* 24 Stat., 845, Art. III, Secs. 12, 17; Rule 44, State Senate; Rule 31, House Representatives; 28 S. E. 529; 37 S. E., 45.

*Solicitor R. A. Cooper* and *Ferguson & Featherstone,* contra. The latter cite: *As to the question of jurisdiction:* Code 1902, 27; 30 S. C., 391; 76 S. C., 105. *As to constitutionality of the amending act:* 24 Stat., 845; Art. III, Sec. 14, Con. 1895; Code 1902, 2735; Con. 1868, Art. II, Sec. 20; 16 S. C., 47; 23 S. C., 427.

February 13, 1908. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an appeal from an order changing the venue from Laurens to Greenwood County, on motion of the Solicitor.

At the time fixed for hearing the motion, the defendant's attorneys interposed the following objections:

"The defendant, G. Wash Hunter, defendant named above, by his counsel, appears specially herein for the following purposes:

1st. "The said defendant objects to the jurisdiction of his Honor, Ernest Gary, Circuit Judge, to hear said motion,

because the law requires the application to be made to the
Judge sitting in regular term, and the business of the fall
term of the Court of General Sessions for Laurens County
having been completed on Friday, September 20, 1907, the
said Court was then adjourned by operation of law, and his
Honor now has no jurisdiction to hear said motion.

2d. "Because the law requires ten days' notice of the
application to change venue to be given to the adverse party,
and in this case the defendant has not had ten days' notice,
the notice having been served on September 19, 1907. It
being respectfully submited that the act, approved February
22, 1905, providing for four days' notice, is unconstitutional,
in that the proposed amendment by said act is not expressed
in the title of the act."

We proceed to the consideration of the first objection.

Sections 27 and 27a of the Code are as follows:

Section 27. "Should the business before the Court of
General Sessions at any term not be completed on the arrival
of the day fixed by law for the holding of the Court of Common
Pleas for said county, the Judge presiding may,
in his discretion, adjourn said Court of Common
Pleas until the business of the Court of General Ses-
sions shall have been concluded. But the provisions of this
section shall not apply to the courts held in the County of
Newberry.

Section 27a. "Should the business before the Court of
General Sessions at any term in any Circuit in this State be
completed or suspended before or after the day fixed by law
for the opening of the Court of Common Pleas for any
county in the State, the presiding Judge may, in his discre-
tion, before the completion of the criminal business, open
the Court of Common Pleas for the trial of all causes, or the
dispatch of all business, that may be pending in said Court,
in which the parties interested are ready to be heard."

In the order changing the venue, his Honor finds the facts
as follows:

"The Court of Sessions, as matter of fact, has been kept open by request, and it has transacted other business, passed sentences, granted bail and heard applications for new trials, and it has, as matter of fact, been kept open, if it could be kept open by law, and I do not see, under our present system, how it could be kept open otherwise."

The case of *McKellar* v. *Parker,* 29 S. C., 237, 7 S. E., 295, decides that the Court of Common Pleas can be opened and adjourned without adjourning the Court of General Sessions, when the business before the latter court has not been completed. Thus showing that the two courts may be open at the same time.

The case of *Hardin* v. *Trimmier,* 30 S. C., 391, 9 S. E., 342, rules that when the day fixed by statute arrives for convening the Court of Common Pleas, no formal ceremony is necessary for opening it, but that it is opened by operation of law whenever the Judge appears on the day appointed, attended by the proper officials, even though the Judge may not then, owing to the unfinished business of the Court of General Sessions, be able to proceed immediately with the business of the Court of Common Pleas.

If both courts could not stand open at the same time, it would be necessary to reconvene the Court of General Sessions after the Court of Common Pleas had been opened, in order to complete the unfinished business of the Session Court, when no such provision is made in the statute. Such a construction would defeat the salutary provisions of the statute.

We do not, however, regard this an open question, as it was decided in the recent case of *State* v. *Hasty,* 76 S. C., 105, that a criminal case begun during the week assigned for holding the Court of General Sessions might be continued and ended in the following week, assigned for the trial of cases, in the Court of Common Pleas.

The exceptions raising this question are, therefore, over-ruled.

We will consider next, the second ground upon which the defendant relied.

The act of 1905 (24 Stat., 845) is as follows: "An Act to amend Section 2735 of Volume I, Code of Laws of 1902, relating to change of venue:

Section 1. "Be it enacted by the General Assembly of the State of South Carolina, That Section 2735 of Volume I, Code of Laws of South Carolina, 1902, be amended so that the same shall read as follows:

"Section 2735. The Circuit Court shall have power to change the venue in all cases, civil and criminal, pending therein, and over which said courts have original jurisdiction, by ordering the record to be removed to another county in the same circuit. The application for removal must be made to the Judge sitting in regular term by some party interested, or by the solicitor of the circuit, or accused, supported by affidavit that a fair and impartial trial can not be had in the county where such action or prosecution was commenced. The State shall have the same right to make application for a change of venue that a defendant has in cases of murder, arson, rape, burglary, perjury, forgery, or grand larceny: *Provided,* No change of venue shall be granted in such cases until a true bill has been found by a grand jury. Four days' notice of such application in civil and criminal cases shall be given to the adverse party, and, if a change is ordered, it shall be to a county in the same judicial circuit: *Provided, further,* That such adverse party to whom said notice is given shall have the right to waive the same; and the Circuit Judge shall have the power, upon application made to him by either party, upon proper cause shown, to shorten or extend the time for the hearing of such application for a change of venue.

Sec. 2. "That all acts or parts of acts inconsistent with this act be, and the same are hereby, repealed."

The section was amended in the following particulars: the notice of application for a change of venue was changed

from ten to four days; the last proviso and Section 2 were added to Section 2735.

Section 17, Article III, of the Constitution is as follows: "Every act or resolution having the force of law shall relate to but one subject, and that shall be expressed in the title."

The purposes of this provision are thus set forth in Cooley Constitutional Limitations, 171-3: "First, to prevent hodge-podge or log-rolling legislation; second, to prevent surprise or fraud upon the legislature, by means of provisions in bills of which the titles gave no intimation, and which, therefore, might be overlooked and carelessly and unintentionally adopted; and, third, to fairly apprise the people, through such publication of legislative proceedings as is usually made, of the subjects of legislation that are being considered, in order that they may have opportunity of being heard thereon, by petition or otherwise, if they shall so desire. The general purposes of these provisions is accomplished when a law has but one general object, which is fairly indicated by its title. The generality of a title is, therefore, no objection to it, so long as it is not made a cover to legislation incongruous in itself, and which by no fair intendment can be considered as having a necessary or proper connection."

Some of the States have provided in their constitutions that "no act shall ever be revised or amended by reference to its title; but the act revised, or section amended, shall be set forth and published at full length." Even in those States "the provision is fully complied with in letter and spirit, if the act or section revised or amended is set forth and published as revised or amended, and that anything more only tends to render that statute unnecessarily cumbrous." Cooley's Con. Lim., 182.

It is only necessary that the *subject* of the amendment should be set out in the title of the act.

In the case under consideration the subject expressed in the title of the act was change of venue, and, as the amend-

ments had direct relation to this subject, the act was not obnoxious to the provisions of the Constitution.

The following cases sustain the ruling of his Honor the presiding Judge: *Charleston* v. *Oliver,* 16 S. C., 56; *State* v. *O'Day,* 74 S. C., 448; *Park* v. *Cotton Mills,* 75 S. C., 568; *Aycock-Little Co.* v. *R. R.,* 76 S. C., 332.

The exceptions presenting this question are also overruled.

It is the judgment of this Court, that the order of the Circuit Court be affirmed.