8277

DOVE v. KIRKLAND.

1. SCHOOL DISTRICT—BONDS.—A VALIDATING ACT may dispense with any act which the legislature by previous enactment had the power to require. Although a statute requires the actual survey of a school district as a condition precedent to voting on an issue of bonds, after such election without survey the legislature may validate the bond issue.

2. IBID.—IBID.—CONSTITUTIONAL LAW.—Section 4 of the act of 1907, providing that county taxing officers should levy taxes for paying for school bonds is not violative of section 5 of article X of the Constitution, requiring the corporate authorities of school districts to levy taxes for that purpose, so as to invalidate such bonds, because, (1) the section refers to the officers who have authority to levy and collect taxes in such cases, and (2) the acts required of them is not a condition precedent to the issuance of bonds.

3. STATUTES—CONSTITUTIONAL LAW.—An act whose title reads: "To validate, ratify and confirm all proceedings of the trustees of school district No. 13 of Richland county, calling and holding an election on * * * the question of issuing bonds, * * * and authorizing the issuing of bonds pursuant to the vote at such election," is not void under section 17 of article III of the Constitution, in that in its body it refers to the validity of the proceedings, making the bonds negotiable, fixing their denominations, making them noncontestible and exempting them from taxation.

4. SCHOOL DISTRICTS—BONDS—VALIDATING ACTS.—Although not mentioned in terms, the act validating the bond issue of a school district covers in general terms the failure of the trustees to ascertain, whether the petition for the election contained the necessary signatures, failure to have the school district surveyed and a plat filed in the office of the clerk of the Court.

5. Officers.—A trustee of a public school district is a *de facto* trustee while exercising the duties of that office and acting as member of a board of township assessors.

Petition in the original jurisdiction of this Court by W. Banks Dove for an injunction against the trustees of school district No. 13 of Richland county, the county auditor and treasurer of Richland county and the township assessors of Columbia township, Upper township and Eau Claire. The petition is: "The petitioner herein, through his attorneys, Clarkson & Clarkson, respectfully presents:

1. "That the said petitioner is a resident taxpayer and freeholder, residing within the limits of school district No. 13, Richland county, the State of South Carolina.

2. "That the respondents, B. B. Kirkland, J. B. Duke and George W. Taylor, are exercising the duties of the board of trustees of the above mentioned district, that the respondents, B. C. DuPre and P. B. Spigener, are the auditor and treasurer, respectively, of the said county, and that the respondents, William Stork, S. W. Dent and William Platt, are the board of assessors of Columbia township, in said county, that the respondents, Geo. W. Taylor, C. S. Lever and W. H. Sondley, are the board of assessors for Upper township, in said county, and that the respondents, J. B. Duke, G. S. Pooser and Geo. W. Newman, are the county board of assessors for Eau Claire, a tax district in said county; that the said school district No. 13, is composed of parts of Columbia township, Upper township, and all of Eau Claire, and that the said auditor, treasurer and boards of assessors are the county officers charged with the assessment and collection of taxes within the said district.

3. "That on information and belief on or about the day of          , 1900, the county board of education for Richland county acting by and under the authority vested in them by law, created school district No. 13, with certain boundaries, and thereafter on the 31st day of March, 1911,

the said board enlarged the boundaries of the said district and established them as follows, to wit:

" 'From where the C., C. & A. Railroad leaves limits of Columbia, and up the said road to the five milepost of said road, then extending in a northwesterly direction to the intersection of the Winnsboro Road and Crane Creek. Thence up said Winnsboro Road to the seven milepost; thence in a westerly direction parallel with Crane Creek to Broad River and down Broad River to the city limits; thence along city limits to the intersection of the limits of the city of Columbia and C., C. & A. R. R.'

"That thereafter, on the 20th day of June, 1912, after the election hereinafter set forth, the board of trustees of the said district caused a survey of the said district to be made by a competent surveyor by and in accordance with and upon the boundaries as fixed by the county board of education, as set out above, and a plat thereof to be filed in the office of the clerk of Court for Richland county; that the size and extent of the said district were correctly ascertained by the said surveyor to be thirteen and 76-100 (13.76) square miles. That your petitioner alleges that the said survey as made was not sufficient in that the northern boundaries of the said district were not actually run out upon the ground; but were fixed by the location of the extremities thereof.

4. "That the respondent, Geo. W. Taylor, was appointed a member of the township board of assessors for Upper township, on or about the    day of February, 1911, and has been since that day exercising the duties thereof; that the said respondent was appointed a member of the board of trustees for school district No. 13, on or about the 18th day of August, 1911, and has been since that day exercising the duties thereof; that the respondent, J. B. Duke, was appointed a member of the board of trustees of the said district on the 5th day of July, 1910, and a member of the county board of assessors for Eau Claire on the    day of

February, 1911, and has been since the respective dates of his appointment exercising the duties of both offices; that the respondent, B. B. Kirkland, is not a qualified elector of Richland county.

5. "That on the 15th day of August, 1911, an election was held within the said district on the question of issuing bonds under the act of 1907, p. 522, which provides as follows, to wit: 'That the trustees of any public school district in the State of South Carolina are hereby authorized and empowered to issue and sell coupon bonds of the said school district, payable to bearer, in such denominations and amounts as they may deem necessary, not to exceed four per cent. of the assessed valuation of the property of such school district, for taxation, and bearing a rate of interest not exceeding six per cent. per annum, payable annually or semiannually and at such times as they may deem best: *Provided,* That the question of issuing the bonds authorized in this section shall be first submitted to the qualified voters of such school district, at an election to be held upon the written petition or request of at least one-third of the resident electors and a like proportion of the resident freeholders of the age of twenty-one years to determine whether said bonds shall be issued or not, as herein provided: *Provided, further,* That before any election is held under this act, it shall be the duty of the trustees of the school district to have a survey of said school district made by some competent surveyor, and a plat thereof made and filed in the office of clerk of Court.' That the amount of the bonds to be issued were not to exceed $20,000, and were for the purpose of providing funds with which to build a school house, and that the said election resulted in favor of the issuance of the said bonds by a vote of 12 for, to 3 against.

6. "That on information and belief, the said election was illegal, null and void, for the reason that the provisions of the act of 1907, p. 522, authorizing the issuance of bonds

by school districts were not carried out in the following points, to wit:

"(a) That there has been no ascertainment as to whether the petition filed with the board of trustees contained the signatures of the necessary one-third (1-3) of the resident electors, etc.

"(b) That at the time of the said election, no survey of the said district had been made, nor had a plat thereof been filed in the office of the clerk of Court.

7. "That thereafter, on the        day of February, 1912, the General Assembly attempted to validate the said election by the passage of the following act, to wit:

"'An Act to Validate, Ratify and Confirm All Proceedings of the Trustees of School District No. 13, of Richland County, Calling and Holding an Election on the 15th Day of August, 1911, on the Question of Issuing Bonds of Said School District in an Amount Not Exceeding $20,000, and Authorizing the Issuing of Bonds Pursuant to the Vote of Such Election.

SECTION 1. "*Be it enacted* by the General Assembly of the State of South Carolina, That all acts and proceedings had and taken by the trustees of school district No. 13, of Richland county, in calling and holding a special election in the said school district on the 15th day of August, 1911, on the question of issuing bonds of said school district to an amount not exceeding $20,000, bearing interest from January 1, 1912, at the rate of five per cent. interest, payable semiannually, and principal payable twenty years after date, for the purpose of erecting a school building for maintaining a public school in said district, including the notice of such election, given by said trustees, the designation of the time and place of voting, the appointment of the managers of such election and all proceedings in the conduct of said election, and in receiving the return of the managers and declaration of the result thereof, be, and the same are

hereby, validated, ratified and confirmed with like effect, as if all the steps taken by said trustees had been duly authorized by law, notwithstanding any irregularity or omission which may have occurred in the conduct and management of the said election, and the giving of said notice, and the other proceedings of the said trustees. The said bonds are to be in denominations of $5,000 each, and bonds of said school district to be issued by virtue of said election are hereby declared to be valid bonds of the said school district and shall have all the qualities of negotiable paper, under the law merchant, and when sold and paid for in the manner prescribed by law shall be incontestible in the hands of *bona fide* purchasers for value. The bonds so issued are hereby exempted from all taxes, State, county and municipal.

SEC. 2. "This act shall take effect immediately upon its approval by the Governor." Acts, 1912, p. 1062.

8. "That on or about the 27th day of April, 1912, the said B. B. Kirkland, J. B. Duke and Geo. W. Taylor, acting as the board of trustees of the said district, sold the said bonds above mentioned to the Palmetto National Bank, and are now about to issue and deliver the same to the said purchasers as a valid debt of the said district.

9. "That on information and belief the said proposed bond issue is illegal, null and void, for the following reasons, to wit:

"(a) That article II, sec. 5, Constitution 1895, which provided, among other things, that 'The General Assembly shall provide * * * for the division of counties in suitable school districts, as compact in form as practicable, having regard to natural boundaries and not to exceed forty-nine nor less than nine square miles,' contemplates an actual survey and location of the boundaries of a school district upon the ground, whereas the northern boundaries of school district No. 13, have never been actually laid out on the grounds,

and in consequence thereof the said district has never been properly formed.

"(b) That the method provided by the act of 1907, p. 522, for the assessment and collection of taxes, to wit: 'Section 4 * * * it shall be the duty of the county officers charged with the assessment and collection of taxes to levy and collect annually from all the property, real and personal, within the limits of such school district, a sum sufficient to pay interest on such bonds, and also a sum sufficient to provide a sinking fund for the payment of such bonds when due,' is unconstitutional for the reason that the corporate authorities of schoool districts, to wit: The board of trustees, are vested with this power by the Constitution of 1895, art. X, sec. 5, to wit: 'The corporate authorities of counties, townships, school districts, * * * may be vested with power to assess and collect taxes for corporate purposes.'

"(c) That the validating act of 1912, p. 1062, is unconstitutional, in that it relates to more than one subject, to wit: to the validation of the proceedings taken in the election of August 15, 1911, to the investment of the bonds to be issued thereunder with the qualities of negotiable paper, to the fixing of their denominations, to the rendering of them noncontestible in the hands of *bona fide* purchasers for value and to the exemption of them from all taxes, all of which is contrary to art. III, sec. 17, Const. 1895, which provides as follows, to wit: 'Every act or resolution having the force of law shall relate to but one subject, and that shall be expressed in the title.'

"(d) That the validating act of 1912, p. 1062, does not cure the failure of the board of trustees to ascertain as to whether or not the petition filed with them calling for the election held on the 15th day of August, 1911, contained the necessary number of signatures, or their failure to have the school district surveyed and a plat thereof filed with the clerk of Court for the reason that these defects are not set out in the act.

"(e) That the survey of the day of June, 1912, and the subsequent filing of the plat is not sufficient for the reason that the making of a survey and the filing of a plat is a condition precedent to the holding of an election, upon the question of issuing bonds.

"(f) That the trustees, Geo. W. Taylor and J. B. Duke, are not qualified to hold the positions of school trustees for the reason that they are now holding positions on the boards of assessors in the tax districts included in school district No. 13, contrary to art. II, sec. 2, Constitution 1895, which provides as follows, to wit: 'Sec. 2, * * * but no person shall hold two offices of honor or profit at the same time.'

"(g) That the respondent, B. B. Kirkland, is not a qualified elector, and therefore, not qualified to act as trustee as appears by reference to sec. 1210, Code 1902, vol. I, which provides: 'Each county board of education * * * shall appoint from each school district in their county, three school trustees from the *qualified electors,* and taxpayers, residing within the district * * *'"

"Wherefore, your petitioner prays that an order be issued out of this Court enjoining the respondents from issuing the bonds above mentioned and the county officers named, from issuing and collecting taxes for the purpose of paying the interest and sinking fund dues upon the said bonds, and your petitioner will ever pray."

*Messrs. Clarkson & Clarkson,* for petitioner.

*Messrs. Thomas* and *Lumpkin,* contra.

The publication of this opinion has been delayed by the failure of the Reporter to get a copy of the petition sooner.

August 1, 1912. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. This is an application to the Court, in the exercise of its original jurisdiction; for an order enjoining the respondents, from issuing bonds not exceeding $20,000 in amount, to be used in building a school house,—the result of an election held under the act of 1907, being in favor of issuing said bonds.

In order to understand clearly the questions involved, it will be necessary to set out the petition, in the report of the case.

The facts alleged in the petition, are not denied by the defendants, in their return to the rule to show cause, why the prayer of the petition should not be granted.

The grounds upon which the petitioner relies, are lettered as follows: (a), (b), (c), (d), (e), (f), and (g), and will be considered in regular order.

"(a)." This ground can not be sustained for the reason that there is no provision of the Constitution, requiring that a survey should be made or a plat filed, before an election could be held; and, even conceding that such requirement, under the case of *McLaurin* v. *Tatum,* 85 S. C. 444, 67 S. E. 560, is a condition precedent, it was rendered ineffectual by the validating act of 1912.

"The pivotal point in a healing or validating statute is that it must be confined to acts which the legislature could previously have authorized." *State* v. *Whitesides,* 30 S. C. 579, 9 S. E. 661; *State* v. *Neely,* 30 S. C. 587, 9 S. E. 664.

"Although necessarily retroactive, curative acts are not for that reason invalid; for the general rule is that the legislature can validate any act, which it might originally have authorized." 26 Enc. of Law, 698-9.

"A retrospective statute, curing defects in legal proceedings, where they are in their nature irregularities only, and do not extend to matters of jurisdiction, is not void on unconstitutional grounds, unless expressly forbidden. Of this class, are the statutes to cure irregularities, in the assessment of property for taxation, and the levy of taxes thereon;

irregularities in the votes, or other action by municipal corporations, or the like, where a statutory power has failed of due and regular execution, through the carelessness of officers or other cause, irregular proceedings in Courts, etc. The rule applicable to cases of this description, is substantially the following: If the thing wanting, or which failed to be done, and which constitutes the defect in the proceedings, is something the necessity for which, the legislature might have dispensed with, by prior statute, then it is not beyond the power of the legislature, to dispense with it by subsequent statute. And if the irregularity consists in doing some act, it is equally competent to make the same immaterial, by a subsequent law." Cooley's Con. Lim. 456-7.

These authorities are quoted with approval in the case of *Hodge* v. *School District,* 80 S. C. 518, 61 S. E. 1009, and are conclusive of this question.

"(b)." There are two reasons why this ground cannot be sustained: 1. Because the provision in section 4 of the act of 1907, that "it shall be the duty of the county officers, charged with the assessment and collection of taxes, to levy and collect annually from all the property, real and personal, within the limits of such school district, a sum sufficient to pay the interest on such bonds, and also a sum sufficient to provide a sinking fund, for the payment of such bonds when due," has reference to those officers in the county, who are authorized to levy and collect the taxes in such cases; and, 2. Because the provisions of the section just quoted, have reference to future action, and are not a condition precedent to the holding of an election, for the purpose of determining whether the bonds should be issued. That section does not relate to the issuing of the bonds, but to their payment, after they have been issued. A similar question arose in the case of *Welch* v. *Getzen,* 85 S. C. 156, 67 S. E. 294, and was thus disposed of, by the Court: "Conceding 'that there is no provision of the law, allowing the levy of a special tax, in the high school district,

for the purpose of paying off coupon bonds, issued to raise funds for high school purposes in such district,' we fail to see why that should be a ground for enjoining the issue of such bonds, as it is not a condition precedent. When bonds are issued, there arises a contract between the purchaser and seller, the obligation of which cannot be impaired, as it would be in violation of article I, section 10 of the United States Constitution, and of article I, section 8 of the Constitution of South Carolina. All parties having entered into a valid contract, a remedy for its enforcement will always be found."

"(c)." It is only necessary to cite the following cases, to show that this ground cannot be sustained: *Connor* v. *Ry.*, 23 S. C. 427; *Floyd* v. *Perrin,* 30 S. C. 1, 8 S. E. 14; *Riley* v. *Union Station Co.,* 71 S. C. 457, 51 S. E. 485; *State* v. *O'Day,* 74 S. C. 448, 54 S. E. 607; *Park* v. *Cotton Mills,* 75 S. C. 560, 56 S. E. 234; *Aycock-Little Co.* v. *Ry.,* 76 S. C. 331, 57 S. E. 27; *Buist* v. *Charleston,* 77 S. C. 260, 57 S. E. 862; *State* v. *Hunter,* 79 S. C. 91, 60 S. E. 226; *Jellico* v. *Commissioners,* 83 S. C. 481, 65 S. E. 725; *Power Co.* v. *Walker,* 89 S. C. 84; *State* v. *Fant,* 88 S. C. 493, 70 S. E. 1029.

"(d)." This ground cannot be sustained for the reason that the validating act of 1912, cures such irregularities.

"(e)." What has already been said disposes of this question.

"(f)." The case of *Welch* v. *Getzen,* 85 S. C. 156, 67 S. E. 294, shows that this ground cannot be sustained, as Geo. W. Taylor and J. B. Duke, were *de facto* trustees.

"(g)." What has already been said, disposes of this ground.

Petition dismissed.